■ ANTHONY PERRINO, Respondent, v ENTERGY NUCLEAR INDIAN POINT 3, LLC, et al., Appellants. [850 NYS2d 428]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 22, 2007, which, to the extent appealed from, denied so much of defendants' motion as sought summary judgment dismissing the claim based on Labor Law § 200, unanimously affirmed, without costs.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction workers with a safe work site (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "An implicit precondition to this duty . . . is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]).

The record here was replete with evidence indicating that defendants played a significant role in designating the locations where plaintiff could lay down equipment from the crane he operated, oversaw the cordoning off of dangerous areas with yellow caution tape, and employed coordinators to regularly walk the job site to inspect for safety issues and to take corrective measures. Since plaintiff was injured by tripping over a valve he alleged was not properly cordoned off, there is at least a triable issue of fact as to whether defendants had "the authority to control the activity bringing about the injury."

In light of the frequent inspection of the work site by defendants' employees during each shift, there is also a triable issue of fact as to defendants' notice of the dangerous condition. Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 31258(U).]