■ WLODZIMIERZ GOLUBOWSKI, Respondent, v CITY OF NEW YORK et al., Defendants, and 150 WILLIAMS STREET ASSOCIATES, L.P., et al., Appellants. [17 NYS3d 110]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered November 28, 2014, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim as against defendant 150 Williams Street Associates, L.P., and denied 150 Williams Street and defendants Braun Management, Inc. and Braun Management Services, Inc.'s (collectively, defendants) cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff, a plumber, sustained personal injuries when he slipped from the third rung of a six-foot ladder that had become wet and slippery from residual water leaking from an overhead sprinkler system that he was dismantling in a building owned by defendant 150 William Street Associates, L.P. and managed by defendant Braun Management Inc. Plaintiff and his coworker had both a scaffold and a ladder for reaching the overhead pipes.

Defendants contend that plaintiff was the sole proximate cause of his accident because he knew he was expected to use a scaffold and one was available. However, the record demonstrates that plaintiff was provided with a ladder for his work and that no scaffold was available to him because his coworker was using it (*see Rivera v Ambassador Fuel & Oil Burner Corp.*, 45 AD3d 275, 276 [1st Dept 2007]).

The motion court correctly declined to address defendants' untimely motion insofar as it sought to dismiss the Labor Law § 200 and common-law negligence claims, since those claims raise issues of control over the work, while the Labor Law §§ 240 (1) and 241 (6) claims that are the subject of plaintiff's timely motion are premised on absolute liability (*see Guallpa v Leon D. DeMatteis Constr. Corp.*, 121 AD3d 416, 419-420 [1st Dept 2014]).

We decline plaintiff's invitation to search the record and grant him summary judgment on his Labor Law § 241 (6) claim; the grant of summary judgment as to liability on his section 240 (1) claim renders alternative theories of liability academic (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 12 [1st Dept 2011]). Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.