■ HILARION TORRES, Appellant-Respondent, v LOVE LANE MEWS, LLC, et al., Respondents, et al., Defendant. LOVE LANE MEWS, LLC, et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiff, v GALAXY GENERAL CONTRACTING CORP., Third-Party Defendant-Respondent-Appellant. [67 NYS3d 139]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered August 18, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim against defendant Love Lane Mews, LLC (Love Lane) and defendant Red Hook Construction Group-I, LLC (Red Hook) (collectively, defendants), granted Red Hook's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, granted the motion of Red Hook and Love Lane for summary judgment dismissing the Labor Law § 241 (6) claim as against them insofar as predicated on a violation of Industrial Code (12 NYCRR) § 23-3.3 (g), granted Love Lane's motion for summary judgment on its contractual

indemnification claim against third-party defendant Galaxy General Contracting Corp. (Galaxy), and denied Galaxy's cross motion for summary judgment dismissing the contractual indemnification claim, unanimously modified, on the law, to deny Red Hook's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, and otherwise affirmed, without costs.

Plaintiff was allegedly struck by falling bricks while working near one of four connected buildings on a construction site. The motion court correctly denied both plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and defendants' motion for summary judgment dismissing that claim, as there are issues of fact about whether the bricks fell accidently or were deliberately dropped by demolition workers. If the latter, then the bricks did not constitute falling objects pursuant to Labor Law § 240 (1) (*see Solano v City of New York*, 77 AD3d 571, 572 [1st Dept 2010]; *cf. Hill v Acies Group, LLC*, 122 AD3d 428 [1st Dept 2014] [the plaintiff established Labor Law § 240 (1) claim where the defendants' witnesses confirmed that a brick fell out of the hands of a masonry worker]).

The motion court erred in granting Red Hook's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, in light of issues of fact about whether Red Hook had the authority to control the injury-producing work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Perrino v Entergy Nuclear Indian Point 3, LLC*, 48 AD3d 229, 230 [1st Dept 2008]).

The motion court correctly dismissed the Labor Law § 241 (6) claim predicated on an alleged violation of Industrial Code (12 NYCRR) § 23-3.3 (g), based on plaintiff's testimony that his accident occurred outside rather than "within [a] building" (12 NYCRR 23-3.3 [g]).

The motion court correctly granted Love Lane's motion for summary judgment on its contractual indemnification claim against Galaxy, conditional on a finding of Galaxy's negligence. Since plaintiff's only remaining claim against Love Lane, the owner of the buildings, is the Labor Law § 240 (1) claim, its liability, if any, will be purely vicarious, and Love Lane is accordingly entitled to indemnification to the extent of Galaxy's negligence, as provided in the contract (*see Crimi v Neves Assoc.*, 306 AD2d 152, 153-154 [1st Dept 2003]). Galaxy's argument that it was not negligent as a matter of law is unpersuasive, in light of evidence that plaintiff, a Galaxy employee, was working in an area where he had been prohibited from working, allegedly in accordance with instructions given to him by a

Galaxy foreman. Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.