Concepcion v 333 Seventh LLC (2018 NY Slip Op 04422)





Concepcion v 333 Seventh LLC


2018 NY Slip Op 04422


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


6861 156922/15

[*1]Benjamin Concepcion, Plaintiff-Respondent,
v
333 Seventh LLC, Defendant-Appellant.


Cartafalsa, Turpin & Lenoff, New York (Carolyn Comparato of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 27, 2017, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, and denied defendant's cross motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, with costs.
Partial summary judgment on the issue of liability was properly granted in favor of plaintiff in this action where plaintiff was injured when he fell from a six-foot A-frame ladder
while performing work on the sprinkler system in defendant's building (see e.g. Plywacz v 85 Broad St. LLC, 159 AD3d 543 [1s Dept 2018]). According to plaintiff, as he was tightening a bolt, the ladder moved and he fell to the floor. Contrary to defendant's contention, the record shows that the work that plaintiff was engaged in at the time of his accident constituted an alteration within the meaning of section 240(1). Such work included reconfiguring the premises' sprinkler system to comply with the fire code and entailed, inter alia, cutting and removing pipes, relocating pipes and valves, and installing components (see Joblon v Solow, 91 NY2d 457, 465 [1998]; Wade v Atlantic Cooling Tower Servs., Inc., 56 AD3d 547, 548-549 [2d Dept 2008]; see also Golubowski v City of New York, 131 AD3d 900 [1st Dept 2015]).
That plaintiff is the sole witness to the accident does not preclude summary judgment in his favor where nothing in the record contradicts his account or raises an issue of fact as to his credibility (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]). Furthermore, any failure on plaintiff's part to ensure that his coworker had properly set up the ladder would, at most, constitute comparative negligence, a defense inapplicable to a Labor Law § 240(1) cause of action (see Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK