Sanchez v 404 Park Partners, LP (2019 NY Slip Op 00229)





Sanchez v 404 Park Partners, LP


2019 NY Slip Op 00229


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8102 155329/13E

[*1]Luis Sanchez, Plaintiff-Respondent,
v
404 Park Partners, LP, et al., Defendants-Respondents-Appellants, Cord Contracting Co. Inc., Defendant-Appellant-Respondent.
404 Park Partners, LP, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
United Air Conditioning Corp. II, Third-Party Defendant-Respondent-Appellant, Cord Contracting Co. Inc., Third-Party Defendant-Appellant-Respondent. 
[And a Second Third-Party Action]


Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for Cord Contracting Co., Inc., appellant-respondent.
Nicoletti Hornig & Sweeney, New York (Barbara A. Sheehan of counsel), for 404 Park Partners, LP and Sciame Construction, LLC, respondents-appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Jeremy M. Buchalski of counsel), for United Air Conditioning Corp. II, respondent-appellant.
Bader & Yakaitis, LLP, New York (Jesse M. Young of counsel), for Luis Sanchez, respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered January 12, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on the Labor Law § 240(1) and Labor Law § 241(6) claims against defendants 404 Park Partners, LP (404 Park) and Sciame Construction, LLC (Sciame) and defendant Cord Contracting Co. Inc. (Cord), denied Cord's cross motion for summary judgment dismissing the complaint as against it, and granted 404 Park and Sciame's cross motion for summary judgment to the extent of dismissing the common-law negligence and Labor Law § 200 claims as against 404 Park, and granting full contractual indemnification to 404 Park and partial contractual indemnification to Sciame from defendant/third-party defendant/second third-party plaintiff United Air Conditioning Corp. II (United) and contractual indemnification solely to 404 Park from Cord, unanimously modified, on the law, to grant conditional full contractual indemnification to Sciame from United, subject to the determination of the common-law negligence and Labor Law § 200 causes of action as against Sciame, and to grant conditional contractual indemnification to 404 Park and Sciame from Cord, to the extent of Cord's negligence, and otherwise affirmed, without costs.
Plaintiff was injured when he fell through an opening in the floor where he was working in a building undergoing construction and landed on the floor below. 404 Park and Sciame are liable for plaintiff's injuries under Labor Law § 240(1) as the property owner and general contractor, respectively (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449-50 [1st Dept 2013]). Cord, a subcontractor, is also liable, because it "was charged with the duty to provide [c]overs over all floor openings, properly cleated to the floor," and thus "was an agent of the contractor, having been delegated the duties imposed by the statute upon the contractor" (O'Connor v Lincoln Metrocenter Partners, 266 AD2d 60, 61 [1st Dept 1999] [internal quotation marks omitted]; see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]).
404 Park, Sciame, and Cord are liable for plaintiff's injuries under Labor Law § 241(6), because, contrary to their contention, plaintiff established that the Industrial Code provisions on which his claim is predicated - 12 NYCRR 23-1.7(b)(1)(i), (ii), and (iii) — were violated and that the violations were a proximate cause of his accident (see Alonzo, 104 AD3d at 450).
As plaintiff's motion for summary judgment did not address his common-law negligence and Labor Law § 200 claims, the court correctly declined to consider the parts of Cord's untimely cross motion that sought dismissal of those claims (see Golubowski v City of New York, 131 AD3d 900, 901 [1st Dept 2015]).
The court correctly denied 404 Park and Sciame's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against Sciame, because issues of fact exist as to whether Sciame breached its duty to provide the construction workers with a safe place to work (Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317 [1981]). Its contract with 404 Park delegated to Sciame the sole responsibility for, and control over, the means and methods of construction at the project site. In addition, Cord's foreman testified that he and a Sciame employee decided to use plywood boards with cleats to cover openings in the floor, instead of nailing the boards to the floor.
Sciame should have been awarded conditional full contractual indemnification from United, i.e., subject to the determination of its liability to plaintiff on the common-law negligence and Labor Law § 200 claims. Sciame's subcontract with United contemplates full indemnification if Sciame is held vicariously liable by reason of statute and partial indemnification if Sciame is found to have been negligent.
Based upon a plain reading of Sciame's subcontract with Cord, both 404 Park and Sciame are entitled to conditional contractual indemnification from Cord, to the extent plaintiff's injuries were caused by the negligent acts or omission of Cord or anyone directly or indirectly employed by it (see Torres v Love Lane Mews, LLC, 156 AD3d 410, 411 [1st Dept 2017]).
We have considered defendants' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK