Landron v Wil-Cor Realty Co. Inc. (2020 NY Slip Op 05287)





Landron v Wil-Cor Realty Co. Inc.


2020 NY Slip Op 05287


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. 302803/2013 Appeal No. 11908 Case No. 2019-03496 

[*1]Javier Landron, Plaintiff-Appellant,
v
Wil-Cor Realty Co. Inc., et al., Defendants-Respondents, MP Transport Corp., et al., Defendants.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Steven A. Torrini of counsel), for Wil-Cor Realty Co., Inc. and Tully Environmental, Inc., respondents.
Ledwith & Atkinson, Lynbrook (Thomas D. Atkinson of counsel), for Stength Corp., respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about March 12, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Wil-Cor Realty Co. Inc. and Tully Environmental, Inc.'s (together, Tully) motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them and defendant Strength Corp.'s motion for summary judgment dismissing the common-law negligence claims as against it, unanimously reversed, on the law, without costs, and the motions denied.
Plaintiff was injured when he fell to the ground from the top of a tractor-trailer, as he was attempting to manually roll out a tarp to cover trash in the trailer, as required by Tully. The trailer with the allegedly defective tarping mechanism was owned by Strength and leased to plaintiff's employer.
Plaintiff is entitled to the protection afforded by Labor Law § 200 for his work because that section codifies the common-law duty of an owner to provide workers with a safe place to work, which is not limited to construction work (see Jock v Fien, 80 NY2d 965, 967 [1992]).
The record presents an issue of fact as to Tully's authority to control the activity that brought about plaintiff's injury (see Perrino v Entergy Nuclear Indian Point 3, LLC, 48 AD3d 229, 230 [1st Dept 2008]). Plaintiff testified that Tully directed him in how to proceed at the facility and mandated that he cover the trash with the tarp, and the facility manager testified that Tully had a policy prohibiting drivers from standing on the tops of trailers. There is also a factual issue as to whether Tully permitting the tractor-trailer to be overfilled created the condition that may have cause plaintiff's injuries (see Cappabianca v Skanska USA Bldg Inc., 99 AD3d 139, 144 [1st Dept 2012]).
Strength failed to demonstrate as a matter of law that the tarp mechanism on its trailer was in proper working order when the trailer was leased to plaintiff's employer or that it had no knowledge of the unsafe condition. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020