Hammer v ACC Constr. Corp. (2021 NY Slip Op 02104)





Hammer v ACC Constr. Corp.


2021 NY Slip Op 02104


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 152347/14 Appeal No. 13512 Case No. 2019-5823 

[*1]Daniel Hammer, Plaintiff-Appellant-Respondent,
v
ACC Construction Corporation, et al., Defendants-Respondents-Appellants, Premier Electric, Inc., Defendant-Respondent, Broadwall Management Corp., Defendant.
ACC Construction Corporation, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Godsell Construction Corp., Third-Party Defendant-Respondent.


Grey & Grey LLP, Farmingdale (Maribel Gomez of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for respondents-appellants.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for Premier Electric, Inc., respondent.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Laura M. Mattera of counsel), for Godsell Construction Corp., respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered August 2, 2019, which, to the extent appealed from as limited by the briefs, granted defendants ACC Construction Corporation, 370 Seventh Avenue Associates, LLC, and Comscore, Inc.'s (owner defendants) motion for summary judgment dismissing the Labor Law § 241(6) claim premised on Industrial Code § 23-1.7(e)(2) as against them and the Labor Law § 200 and common-law negligence claims as against ACC, denied their motion for summary judgment on their cross claims against defendant Premier Electric, Inc. and their claims against third-party defendant (Godsell) for common-law and contractual indemnification and breach of contract for failure to procure insurance, and denied their motion for leave to amend Comscore's answer to assert a cross claim for contractual indemnification against Premier, unanimously modified, on the law, to deny the motion as to the Labor Law § 200 and common-law negligence claims as against ACC and to grant the motion for leave to amend Comscore's answer to assert a cross claim against Premier for contractual indemnification, and otherwise affirmed, without costs.
The Labor Law § 241(6) claim premised on Industrial Code (12 NYCRR) § 23-1.7(e)(2) was correctly dismissed since the loop of electrical wire on which plaintiff tripped was an integral and permanent part of the construction (see e.g. O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 225-226 [1st Dept 2006], affd 7 NY3d 805 [2006]; Isola v JWP Forest Elec. Corp., 267 AD2d 157, 158 [1st Dept 1999]).
However, the Labor Law § 200 and common-law claims should not be dismissed as against general contractor ACC. To the extent plaintiff argues that his injury arose from the means and methods of the work being performed, issues of fact exist as to whether ACC controlled the means and methods of the injury-producing work so as to impose liability on ACC under this theory (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352-353 [1998]; Perrino v Entergy Nuclear Indian Point 3, LLC, 48 AD3d 229 [1st Dept 2008]). There is evidence that ACC's construction superintendent coordinated the work areas, which included checking the rooms in the morning before work began to ensure that they were ready for trades to work there. Further, while the superintendent testified that Godsell was not to work in the room where the accident occurred until the Premier electricians had finished their work there, there is also testimony in the record that he had directed plaintiff, Godsell's general foreman, to get Godsell's work in that room done.
Because issues of fact exist as to its negligence, ACC is not entitled to summary judgment on its contractual or common-law indemnification claims against Premier or Godsell (Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]; Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 557 [1st Dept 2009]). In addition, to the extent Premier's and Godsell's insurance carriers are defending [*2]and indemnifying the owner defendants, or are required to do so, the owner defendants' claims for indemnification against Premier and Godsell are barred by the antisubrogation rule (see North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294-295 [1993]). Similarly, to the extent Premier's insurance carrier has been ordered in a separate action to defend and indemnify the owner defendants, Premier did not breach its obligation to procure insurance. The owner defendants also failed to establish prima facie that Godsell breached its obligation to procure insurance; they contend that the insurance procured by its excess insurance carrier did not comport with the requirements of its subcontract, but they failed to submit with their motion papers a copy of the email from the excess carrier on which they rely, and they could not cure this basic evidentiary defect in their reply papers (Migdol v City of New York, 291 AD2d 201 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021