Castellano v Ann/Nassau Realty LLC (2021 NY Slip Op 06536)





Castellano v Ann/Nassau Realty LLC


2021 NY Slip Op 06536


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 160655/14, 595498/15 Appeal No. 14682-14682A Case No. 2020-02792, 2020-04919 

[*1]Teresa Castellano etc., et al., Plaintiffs-Respondents,
v
Ann/Nassau Realty LLC, et al., Defendants-Respondents-Appellants, Gateway Demolition Corp., Defendant, Park East Construction Corp., Defendant-Appellant-Respondent.
Ann/Nassau Realty LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Park East Construction Corp., Third-Party Defendant-Appellant-Respondent.


Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Douglas J. Domsky of counsel), for respondents-appellants.
Jonathan D. Agostino & Associates P.C., Staten Island (Glen Devora of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 20, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Ann/Nassau Realty LLC (ANR) and BRF Construction Corp.'s (BRF) motion for summary judgment dismissing the negligence, Labor Law § 200, and wrongful death claims as against them and granted them only conditional summary judgment on their claim for contractual indemnity against defendant/third-party defendant Park East Construction Corp. (PEC), unanimously modified, on the law, to grant the motion as to the negligence, Labor Law § 200, and wrongful death claims, and otherwise affirmed, without costs. Order, same court and Justice, entered June 15, 2020, which denied defendant PEC's motion to vacate an order, entered on default, denying its motion for summary judgment dismissing the complaint against it, unanimously reversed, on the facts, without costs, the motion to vacate granted and the matter remanded for determination of the motion on the merits.
The negligence and Labor Law § 200 claims should be dismissed as against defendants ANR and BRF, the owner and general contractor of the project, respectively. ANR and BRF established prima facie that BRF did no more than general safety supervision at the work site and did not have supervisory control over the decedent's injury-producing work, namely unloading sheetrock from a truck onto a dolly (seeAlonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]; Singh v Black Diamonds LLC, 24 AD3d 138, 139-140 [1st Dept 2005]), and plaintiff failed to raise an issue of fact in opposition.
Dismissal of the wrongful death claim is denied as against ANF and BRF as the argument was raised for the first time in reply.
Given the dismissal of the negligence-based claims against ANR and BRF and PEC's contractual obligation to indemnify ANR and BRF for injuries arising from its work and arising from its acts or omissions or those of its direct and indirect employees, ANR and BRF are entitled to summary judgment on their claim for contractual indemnification conditioned on a finding of negligence against PEC or its direct or indirect employees (see Torres v Love Lane Mews, LLC, 156 AD3d 410 [1st Dept 2017]).
Contrary to the motion court, we find that PEC's unopposed motion to vacate the order that denied its motion for summary judgment based on its failure to appear for oral argument should be granted, because PEC demonstrated a reasonable excuse for its default, i.e., law office failure, and a potentially meritorious defense (see Maldonado v Algil Holding Co., LLC, 68 AD3d 531 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021