Santana v Port Auth. of N.Y. & N.J. (2025 NY Slip Op 02428)

Santana v Port Auth. of N.Y. & N.J.

2025 NY Slip Op 02428

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 158363/17|Appeal No. 4182|Case No. 2024-02477|

[*1]Wilson Santana, Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, et al., Defendants-Appellants.

Harrington, Ocko & Monk, LLP White Plains (Matthew R. Bremner of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered March 19, 2024, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims and granted plaintiff's motion for partial summary judgment on those claims, unanimously affirmed, without costs.
The court correctly granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim. Plaintiff testified that he was injured when he slipped and fell off the platform of a scissor lift he was operating on the 67th floor of a building under construction. The scissor lift had become wet from rain that had blown in through openings on the side of the building which were intended for an eventual window installation. Plaintiff's accident occurred when, in attempting to descend the lift's stairs, he moved his left foot down to place it on a step and his right foot slipped off the platform, causing him to fall.
Plaintiff's testimony established prima facie that his work exposed him to an elevation-related risk against which defendants failed to provide him with proper protection (see Milligan v Tutor Perini Corp., 191 AD3d 437, 437-438 [1st Dept 2021]; Golubowski v City of New York, 131 AD3d 900 [1st Dept 2015]). Plaintiff was not required to show that the scissor lift was defective (see Milligan, 191 AD3d at 438). In opposition, defendants failed to raise a triable issue of fact.
In light of the foregoing, plaintiff's Labor Law § 241(6) claim is academic (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025