■ Isaac Tiles, Respondent, v City of New York, Defendant, and St. Vincent's Hospital and Medical Center, Appellant. [692 NYS2d 326] —Order, Supreme Court, New York County (Richard Braun, J.), entered December 4, 1998, which, in an action for personal injuries allegedly sustained when plaintiff tripped over an elevation between adjoining sidewalk slabs, insofar as appealed from, denied defendant-appellant abutting property owner's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant is not entitled to summary judgment simply because plaintiff, at his deposition, was unable to say with certainty that the reason for his fall was the elevation in the sidewalk, which was observed by plaintiff after he fell and photographically documented; indeed, its existence and dangerous nature were not disputed on this motion (compare, e.g., Leary v North Shore Univ. Hosp., 218 AD2d 686). This being the case, it was not plaintiff's burden in opposing the motion to show, in the first instance, that he fell over the elevation; rather, it was defendant's burden to show, in the first instance, that the alleged sidewalk defect was not the cause of plaintiff's fall (see, Buckle v Buhre Ave. Foods, 232 AD2d 269; cf., Ingersoll v Liberty Bank, 278 NY 1, 7). No such prima facie showing having been made, defendant is not entitled to summary judgment regardless of the sufficiency of plaintiff's opposing papers (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

Concur—Sullivan, J. P., Nardelli, Mazzarelli, Rubin and Andrias, JJ.