■ Kenneth Migdol, Respondent, v City of New York et al., Defendants, and Empire City Subway, Appellant. [737 NYS2d 78] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered March 19, 2001, which, in an action for personal injuries allegedly sustained in a trip and fall on a public roadway, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The motion was properly denied on the ground that defendant-appellant's showing did not conclusively establish its claim that it did not own or maintain the open utility hole where plaintiff allegedly tripped and fell (*see, Tiles v City of New York*, 262 AD2d 174; *Buckle v Buhre Ave. Foods*, 232 AD2d 269). Appellant's employee, whose testimony was submitted in support of the motion, admitted that he could not say with certainty whether appellant had any utility holes similar to the one described by plaintiff as the cause of his accident, and his testimony did not address whether there were no such holes at the location. The affidavit of another employee submitted with appellant's reply papers was properly rejected by the motion court since it sought to remedy these basic deficiencies in appellant's prima facie showing rather than respond to arguments in plaintiff's opposition papers (*see, Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626). Concur— Tom, J.P., Andrias, Rubin, Buckley and Friedman, JJ.