■ CHARLES KAMIN et al., Respondents, v JAMES G. KENNEDY & Co., INC., Appellant, et al., Defendants. JAMES G. KENNEDY & Co., INC., Third-Party Plaintiff-Appellant, v INTERIOR DESIGN FLOORING CORPORATION, Third-Party Defendant-Respondent. [861 NYS2d 1]—

Order, Supreme Court, New York County (Leland G. DeGrasse, J.), entered October 3, 2007, which, in an action for personal injuries by a floor installer, insofar as appealed from, denied the cross motion of defendant/third-party plaintiff general contractor (Kennedy) for summary judgment dismissing the complaint and all cross claims as against it, and for summary judgment on its claim for contractual indemnification against plaintiff's employer, third-party defendant flooring contractor (Interior), unanimously affirmed, without costs.

Plaintiff testified that immediately after he fell he looked to see what caused him to fall, and observed crumpled, randomly taped, tan protection paper covering newly installed carpeting. While plaintiff did not see who had put the paper down, he believed it was Kennedy's employees, as he had not done so himself and it was almost always the general contractor who performed that job; further, plaintiff's testimony that the paper had been put down the night before, and that the tape holding it down was blue, was uncontroverted. While Interior's contract with Kennedy included "floor protection," Interior's principal testified that floor protection was usually performed by the general contractor, and he could not say whether Interior had delivered or installed any paper at this site. Kennedy's principal testified that Kennedy sometimes performed floor protection, using blue tape, that its workers' duties included housekeeping

and correcting tripping hazards, which they were authorized to perform on their own, that its workers were the last to leave at night, and that he could not say who put down the paper over which plaintiff allegedly tripped or whether Kennedy's employees had been directed to do so. We reject Kennedy's argument that it should have been granted summary judgment since the crumpled condition of the paper could have been the result of plaintiff's fall rather than its cause, and that there was no evidence, other than speculation, that it had put down the paper. Plaintiff's testimony concerning his post-accident observations and customs of the trade were enough to make it Kennedy's burden to show, in the first instance, that it did not create the alleged hazardous condition or that such condition was not the cause of plaintiff's fall (*Tiles v City of New York*, 262 AD2d 174 [1999]; *Bivins v Zeckendorf Realty*, 289 AD2d 123 [2001]). This Kennedy failed to do, making consideration of plaintiff's opposition papers unnecessary (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). This same failure to meet its initial burden also renders immaterial Kennedy's argument that the motion court improperly considered plaintiff's unserved opposition papers to its cross motion. The foregoing issues of fact as to whether plaintiff's fall was caused by Kennedy's negligence in putting down the paper also require denial of summary judgment in Kennedy's favor on its claim against Interior for contractual indemnification. We note that the subject indemnification provision, which limits indemnification "to the fullest extent permitted by law," is enforceable (*see Jackson v City of New York*, 38 AD3d 324, 324-325 [2007]). We have considered Kennedy's other arguments and find them unavailing. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ. [*See* 2007 NY Slip Op 33135(U).]