■ DHANRAJ RAJKUMAR, Appellant, v BUDD CONTRACTING CORPORATION, Respondent, et al., Defendants. (And a Third-Party Action.) [3 NYS3d 341]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 29, 2013, which granted defendant Budd Contracting Corporation's motion for summary judgment dismissing plaintiff's common law negligence and Labor Law § 200 claims against it, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, an employee of a framing contractor, commenced this action alleging that he slipped and was injured while carrying a framed mirror when his foot became caught in a seam between pieces of construction paper laid by general contractor Budd to protect a newly installed floor during a hotel lobby renovation project. Plaintiff alleges that Budd created the defective condition that caused his accident. Thus Budd's arguments regarding actual and constructive notice are irrelevant. While Budd asserts that there was no evidence that the

construction paper was untaped, on its motion for summary judgment, it had the burden of demonstrating that the paper was secured to the floor (*see Kamin v James G. Kennedy & Co., Inc.*, 52 AD3d 263, 264 [1st Dept 2008]). However, it points to no evidence that the tape covered the entire length of the edges of the construction paper, as its project manager testified was necessary or else the paper would not stay down and could be a tripping hazard. Accordingly, Budd failed to meet its burden of establishing prima facie that it properly secured the paper in which plaintiff allegedly caught his foot (*id.*). Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.