Cackett v Gladden Props., LLC (2020 NY Slip Op 02729)





Cackett v Gladden Props., LLC


2020 NY Slip Op 02729


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


157267/14 11455A 11455

[*1] Scott Cackett, Plaintiff,
v
Gladden Properties, LLC, et al., Defendants-Appellants-Respondents, Forest Electric Corp., Defendant, Interstate Drywall Corp., Defendant-Respondent, KD Electric, Inc., Defendant-Respondent-Appellant.
Gladden Properties, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Port Morris Tile & Marble Corporation, et al., Third-Party Defendants-Respondents, Weinstein & Holtzman, Defendant.
Gladden Properties, LLC, et al., Second Third-Party Plaintiffs-Appellants- Respondents,
v
KD Electric, Inc., Second Third-Party Defendant-Respondent-Appellant.


Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellants-respondents.
Farber Brocks & Zane LLP, Garden City (Charles T. Ruhl of counsel), for respondent-appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jessica M. Erickson of counsel), for Interstate Drywall Corp., respondent.
Pillinger Miller Tarallo, LLP, Elmsford (Michael Neri of counsel), for Port Morris Tile & Marble Corporation, respondent.

[*2]

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 8, 2019, which, to the extent appealed from as limited by the briefs, denied defendants Gladden Properties, LLC, Boston Properties, Inc., Structure Tone, Inc., and Kaye Scholer, LLP's (collectively, the Structure Tone defendants) motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them and on their contractual indemnification claims against defendant Interstate Drywall Corp. (Interstate), defendant KD Electric, Inc. (KD), and third-party defendant Port Morris Tile & Marble Corporation (Port Morris), granted Port Morris's motion for summary judgment dismissing the third party complaint as against it, and granted KD's motion for summary judgment dismissing the Structure Tone defendants' cross claims against it, unanimously modified, on the law, to deny KD's motion and Port Morris's motion as to the contractual indemnification claim against it, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 17, 2019, which, upon renewal and reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
Plaintiff was allegedly injured when a heavy metal door that had been stored in an inadequately lit room fell over on him. Except as to defendant Port Morris, plaintiff's employer, and contrary to the appealing parties' contentions, the record is replete with issues of fact and credibility precluding summary judgment on the Labor Law § 200 and common-law negligence claims as against the Structure Tone defendants, the owners, occupant and general contractor, and on the common-law indemnification, contractual indemnification, and contribution cross claims and third-party claims, particularly because "there can be more than one proximate cause of an accident" (Sussman v MK LCP Rye LLC, 164 AD3d 1139, 1140 [1st Dept 2018]).
Issues of fact exist as to whether the accident was caused by a dangerous premises condition or a subcontractor's means and methods, or some combination of those factors, and as to the Structure Tone defendants' liability under the applicable standard (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 51-52 [2d Dept 2011]; Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1265 [3d Dept 2010]; see also PJI 2:216, Comment, Caveat 1 ["The distinction between accidents arising from premises conditions and those arising from the manner in which the work was performed . . . may be nuanced"]).
The claims against defendant KD for common-law negligence and contribution should not be dismissed. As a subcontractor and therefore the statutory agent of the owner and general contractor, KD stands in the shoes of the owner and general contractor, and may be held liable if it "actually created the dangerous condition or had actual or constructive notice of it" (DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 625 [1st Dept 2015]; see Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d 782, 783 [2d Dept 2017]). Issues of fact exist as to whether KD, which was responsible for lighting the premises, caused or created the purportedly inadequate lighting of the room in which the metal door was stored or had actual or constructive notice of the inadequate lighting.
As to defendant Interstate, there is evidence that its employee negligently stored the door in the inadequately lit room, where it remained until it fell and struck plaintiff. Contrary to the motion court's finding, the employee's placement of the door was not so remote in time as to sever the causal connection between the alleged negligence and plaintiff's accident (see Williams v State of New York, 18 NY3d 981, 984 [2012]; Hoggard v Otis El. Co., 52 Misc 2d 704, 707-708 [Sup Ct, NY County 1966], affd 28 AD2d 1207 [1st Dept 1967], lv denied 21 NY2d 641 [1968]; see also 79 NY Jur 2d, Negligence § 65). Nor is Interstate absolved from liability by whatever mitigation may have resulted from the employee informing the Structure Tone defendants of his actions. The trier of fact must determine whether Interstate's actions or inaction were a proximate cause of plaintiff's accident (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 142-143 [2002]). To the extent the court's observation that Structure Tone's cross claims against Interstate for common-law indemnification and contribution "will not stand" may be read as dismissing those claims, we clarify that the claims should not be dismissed.
As for the Structure Tone defendants' contractual indemnification claim against Port Morris, Port Morris agreed to indemnify Structure Tone for claims arising from acts or omissions [*3]"in connection with the performance of any work by or for [it]." Thus, while there is no evidence that any negligence on Port Morris's part contributed to plaintiff's accident, its duty to indemnify under the agreement was triggered by the fact that the accident "arose from [plaintiff's] performance of his work as an employee of Port Morris" (Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019]). A contractual indemnification clause may shift liability from an owner or contractor to an employer even where the employer was not negligent (see Lamela v Verticon, Ltd., 162 AD3d 1268, 1271 [3d Dept 2018]; General Obligations Law § 5-322.1[1]; Adagio v New York State Urban Dev. Corp., 168 AD3d 602, 603 [1st Dept 2019]; Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463-464 [1st Dept 2014]).
However, "[t]he extent of the indemnification will depend on the extent to which [the Structure Tone defendants'] negligence is found to have proximately caused the accident" (Ramirez, 169 AD3d at 509). On that issue, the parties to this appeal dispute whether the Structure Tone defendants' motion for summary judgment on its contractual indemnification claims should be denied as premature or granted conditionally, subject to an apportionment of fault (compare e.g. Auliano v 145 E. 15th St. Tenants Corp., 129 AD3d 469 [1st Dept 2015] [property owners entitled to conditional summary judgment on contractual indemnification claim against contractor given broad indemnification agreement and issues of fact as to property owners' negligence], with e.g. Arias v Recife Realty Co., N.V., 172 AD3d 631 [1st Dept 2019] [issues of fact as to general contractor's negligence precluded summary judgment in its favor on contractual indemnification claim against subcontractor]; see 23 NY Jur 2d, Contribution, Etc. § 135). Because an agreement by a subcontractor to indemnify an owner or general contractor for the latter's own negligence is "against public policy and void, and unenforceable" (General Obligations Law § 5-322.1[1]), we hold that it is inappropriate to grant conditional summary judgment on an owner or general contractor's contractual indemnification claim against a subcontractor where an issue of fact exists as to whether the owner or general contractor's negligence was the sole proximate cause of the underlying claim (see Callan v Structure Tone, Inc., 52 AD3d 334, 335-336 [1st Dept 2008]; see also Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616 [2d Dept 2011], quoting Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). Since such an issue of fact exists in this case, the court correctly denied the Structure Tone defendants' motion for summary judgment on their contractual indemnification claims as premature.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK