Kaufman v Capital One Bank (USA) N.A. (2020 NY Slip Op 06394)





Kaufman v Capital One Bank (USA) N.A.


2020 NY Slip Op 06394


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 162373/14 Appeal No. 12304 Case No. 2020-01354 

[*1]Edward Kaufman et al., Plaintiffs-Respondents,
v
Capital One Bank (USA) N.A. et al., Defendants-Appellants.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellants.
Lurie, Ilchert, MacDonnell and Ryan, LLC, New York (George W. Ilchert of counsel), for respondents.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered October 11, 2019, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim insofar as based on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7(e)(1) and (2), unanimously affirmed, without costs.
Plaintiff, the only person working on a gut renovation project in a vacant building on the day of the accident, was allegedly pushing a dumpster with four wheels on a "ramped," "uneven" part of the floor leading to a "door saddle," in an attempt to move the dumpster out of the building through the front door, when one of the wheels became caught on the saddle, causing the dumpster to begin tipping over. Plaintiff was allegedly injured in the course of attempting to prevent the dumpster from falling. Viewed in the light most favorable to plaintiff as the opponent of summary judgment (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), the account in his deposition testimony and his affidavit raised issues of fact as to whether the door saddle caused his accident. "Plaintiff's deposition testimony is not irreconcilable or wholly inconsistent with [his] affidavit" (Clemente v 205 W. 103 Owners Corp., 180 AD3d 516, 517 [1st Dept 2020]). Although he was unable to say with certainty at his deposition what caused his accident because he could not see the door saddle while he was pushing the dumpster, in light of his statement that there was nothing else on the floor in that vicinity, and consistent with the photos and his testimony, his affidavit drew a reasonable inference that the wheel got stuck on the door saddle (see Tiles v City of New York, 262 AD2d 174 [1st Dept 1999]).
Even if defendants preserved their argument that the Labor Law § 241(6) claim should be dismissed because plaintiff's conduct was the sole proximate cause of his accident, we reject it on the merits.
Defendants failed to meet their initial burden of establishing the inapplicability of Industrial Code §§ 23-1.7(e)(1) and (2). Subsection (1) applies not only when a hazard directly causes a worker to trip or slip, but also under the circumstances of this case, where an object being pushed by plaintiff allegedly became stuck on an obstruction, causing it to tip over and injure plaintiff (Sancino v Metropolitan Transp. Auth., 184 AD3d 534, 535 [1st Dept 2020]). Moreover, "the doorway constitutes a passageway within the meaning of the regulation" (McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]).
In addition, defendants failed to establish the absence of issues of fact as to whether the accident was caused by a "sharp projection[]" (Industrial Code §§ 23-1.7[e][2]), which this Court has defined to "include any projection that is 'sharp' in the sense that it is clearly defined or distinct" (Lenard v 1251 Ams. Assoc., 241 AD2d 391, 393 [1st Dept], appeal withdrawn 90 NY2d 937 [1997]). It is also clear that the accident occurred in an area "where persons work or pass" (Industrial Code §§ 23-1.7[e][2].)
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020