Guevara-Ayala v Trump Palace/Parc LLC (2022 NY Slip Op 03049)

Guevara-Ayala v Trump Palace/Parc LLC

2022 NY Slip Op 03049

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Index No. 157610/15, 595726/16, 595479/18 Appeal No. 15883 Case No. 2021-00902 

[*1]Juan Guevara-Ayala, Plaintiff-Respondent,
v
Trump Palace/Parc LLC, et al., Defendants, The Board of Managers of Trump Parc Condominium, Defendant-Respondent-Appellant, Swing Staging, LLC, Defendant-Appellant-Respondent.
The Board of Managers of Trump Parc Condominium, Third-Party Plaintiff- Respondent-Appellant,
v
Swing Staging, LLC, Third-Party Defendant- Appellant-Respondent.
Swing Staging, LLC, Second Third Party Plaintiff- Appellant-Respondent,
v
4 Star Contracting, Inc., Second Third-Party Defendant- Respondent. [And a Third Third-Party Action] Index Nos.

French & Casey, LLP, New York (Lance E. Benowitz of counsel), for appellant-respondent.
Fuchs Rosenzweig PLLC, New York (Marisa Carpentiere of counsel), for respondent-appellant.
David Horowitz, P.C., New York (David Fischman of counsel), for Juan Guevara-Ayala, respondent.
Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for 4 Star Contracting Inc., respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 2, 2021, to the extent it denied the motion of defendant Swing Staging, LLC (Swing) for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against it and denied the motion of defendant Board of Managers of Trump Parc Condominium (the Board) for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it and on its third third-party contractual indemnification claim against 4 Star Contracting, Inc., (4 Star), unanimously reversed, on the law, without costs, Swing's motion granted and the Board's motion granted as to the Labor Law § 200 and common-law negligence claims and, conditionally, as to its contractual indemnification claim against 4 Star.
This action stems from a construction site accident at premises located at 105 West 58th Street in Manhattan. The Board contracted with 4 Star to perform faÇade repairs on the roof of the premises. 4 Star in turn subcontracted with Swing to construct a scaffold system on the roof of the building. On the day and at the time of the accident, rather than using the scaffold system walkway, plaintiff, a 4 Star employee, crossed directly over the roof via pipes that had been laid as part of the scaffold system and attempted to descend from the pipes to the wooden walkway. As plaintiff brought his foot or feet down, a wooden plank broke, and he fell.
The lower court should have dismissed the Labor Law §§ 240(1) and 241(6) claims as against Swing, the scaffold system subcontractor to general contractor 4 Star, because it is undisputed that Swing was not a contactor or owner within the meaning of the statutes. Nor was it a contractor or owner's statutory agent. Although it contractually retained the right to reenter the premises and inspect the scaffold system, Swing did not have any employees on site during 4 Star's work, and it did not inspect the scaffold system while it was in place (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293 [2003]; Morales v Spring Scaffolding, Inc., 24 AD3d 42, 46-47 [1st Dept 2005]). For all intents and purposes, once Swing constructed the scaffold system, it returned to the premises only to deliver supplies and to disassemble the scaffold system at the end of the project.
The Labor Law § 200 and common-law negligence claims should have also been dismissed as against the Board because plaintiff's accident arose out of his use of a scaffold system supplied by either 4 Star, the general contractor, or Swing, a subcontractor. The case therefore falls into the means-and-methods category of Labor Law § 200 cases, in which liability depends on the exercise of supervision and control over the work, and it is undisputed that the Board did not exercise supervision or control over either 4 Star's or Swing's work (see Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136, 145 [1965]; see e.g. Lombardi v Stout, 178 AD2d 208 [1st Dept 1991[*2]], mod on other grounds 80 NY2d 290 [1992]).
The motion court erred in ruling that the Board's contract with 4 Star was inadmissible; the parties to the contract waived any hearsay objection by failing to raise any in their respective motion papers (see Lois v Flintlock Constr. Servs., LLC, 202 AD3d 481, 481 [1st Dept 2022]). The contract is admissible for the additional reason that both the Board and 4 Star — adversaries in this case — rely on it.
Contrary to 4 Star's argument that the indemnification clause in its contract with the Board violates General Obligations Law § 5-322.1, the clause is enforceable, because it requires 4 Star to indemnify the Board for claims "arising out of or resulting from performance of the Work . . . only to the extentcaused by the negligent acts or omissions of [4 Star], a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable" (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 and n 4 [2008]).
However, while we have determined that there is no basis for finding that the Board was negligent in connection with plaintiff's accident, as yet, there has been no finding that either 4 Star or Swing, its subcontractor, was negligent in that connection. Thus, the Board is entitled to indemnification only conditionally, pending a determination of negligence and apportionment of fault (see Cackett v Gladden Props., LLC, 183 AD3d 419, 421-422 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022