Laudisio v 520 Madison Owners, L.L.C. (2022 NY Slip Op 03446)





Laudisio v 520 Madison Owners, L.L.C.


2022 NY Slip Op 03446


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 159934/16, 595305/17, 595560/18 Appeal No. 16002 Case No. 2021-03984 

[*1]Prisco Laudisio, Plaintiff-Respondent,
v
520 Madison Owners, L.L.C., et al., Defendants, Maspeth Welding Inc., Defendant-Appellant.
520 Madison Owners, L.L.C., Third-Party Plaintiff,
v
Trane U.S., Inc., et al., Third-Party Defendants-Respondents.
Trane U.S. Inc., Second Third-Party Plaintiff-Respondent,
v
Infinity Mechanical, Inc., Second Third-Party Defendant-Respondent, Maspeth Welding, Inc., Second Third-Party Defendant-Appellant.


Stonberg Moran, LLP, New York (Kevin A. Hickman of counsel), for appellant.
Jaroslawicz & Jaros PLLC, New York (Philip Reid of counsel), for Prisco Laudisio, respondent.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for Infinity Mechanical, Inc., respondent.



Order, Supreme Court, New York County (Francis Kahn, III, J.), entered October 1, 2021, which, to the extent appealed, denied defendant/second third-party defendant Maspeth Welding, Inc.'s (Maspeth) motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
In this action in which plaintiff, a foreman at a construction site, sustained injuries as he was walking in a mechanical room and tripped and fell on welding cables, the court properly denied the branch of Maspeth's motion for summary judgment dismissing the complaint against it. There was an issue of fact as to whether Maspeth, one of the subcontractors responsible for welding at the project, was negligent by leaving the welding cables on the ground upon which plaintiff tripped and fell (see Cackett v Gladden Props., LLC, 183 AD3d 419, 421 [1st Dept 2020]). Maspeth's subcontract with Trane provided that it would indemnify Trane for any and all claims arising out of its negligence in connection with the scope of its work. As there is an issue of fact as to whether Maspeth was negligent, dismissal of Trane's claims of contractual indemnification against Maspeth is unwarranted. (see Martinez v ST-DIL LLC, 199 AD3d 577, 577-578 [1st Dept 2021]; Pawlicki v 200 Park, L.P., 199 AD3d 578, 579 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022