Estevez v SLG 100 Park LLC (2023 NY Slip Op 02078)

Estevez v SLG 100 Park LLC

2023 NY Slip Op 02078

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Index No. 302303/14 Appeal No. 5-6 Case No. 2021-03838, 2022-00781 

[*1]Victor Estevez, Plaintiff-Appellant-Respondent,
v
SLG 100 Park LLC et al., Defendants-Respondents-Appellants, P.S. Marcato Elevator Co., Inc., Defendant-Respondent.
SLG 100 Park LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Kleinknecht Electric Company, Inc., et al., Third-Party Defendants-Respondents.

Gorayeb & Associates, P.C, New York (Martin J. Moskowitz of counsel), for appellant-respondent.
London Fischer LLP, New York (Cruz M. Williams of counsel), for SLG 100 Park LLC, respondent-appellant.
The Law Office of Eric Feldman, New York (Evy L. Kazansky of counsel), for L&K Partners Inc., respondent-appellant.
Law Office of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Kleinknecht Electric Company, Inc., respondent.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for P.S. Marcato Elevator Co., Inc., respondent.

Appeal from order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 30, 2021, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendant/third-party plaintiff SLG 100 Park LLC, the cross motion of defendant L&K Partners, Inc., and the motion of defendant/third-party defendant P.S. Marcato Elevator Co., Inc.'s (collectively, defendants) for summary judgment dismissing the second amended complaint, and denied plaintiff's cross motion for, in effect, leave to file and serve a third supplemental summons and amended complaint to name SL Green Management Corp. (SLGM Corp.) and SL Green Management LLC (SLGM LLC) as defendants, deemed an appeal from the judgment, same court and Justice, entered January 11, 2022, dismissing the second amended complaint; dismissing as moot SLG 100's unpleaded claim for contractual indemnification against L&K, its cross claims and third-party claims for contractual indemnification against PS Marcato, and its third-party claim for contractual indemnification against third-party defendant Kleinknecht Electric Company, Inc.; and dismissing as moot L&K's third-party cross claim for contractual indemnification against Kleinknecht, and, as so considered, unanimously modified, on the law, to permit plaintiff to add SLGM Corp. and SLGM LLC as defendants; to grant SLG 100 summary judgment dismissing plaintiff's Labor Law § 200 claim based on the manner and means of plaintiff's work and otherwise deny its motion for summary judgment dismissing plaintiff's dangerous premises condition common-law negligence claim, vacate its dismissal and reinstate that claim; to deny Marcato's motion for summary judgment; to vacate the dismissal of SLG 100's third-party cross claim for contractual indemnification against Marcato and of L&K's third-party cross claim for contractual indemnification against Kleinknecht; to grant conditional summary judgment on SLG 100's claim for contractual indemnification against Marcato; to grant L&K's cross motion to the extent of granting summary judgment in its favor on its third-party cross claim for contractual indemnification against Kleinknecht, and otherwise affirmed, without costs.
We reject SLG 100's argument that plaintiff's appeal must be dismissed because he noticed an appeal only from Supreme Court's order, and not from its ensuing judgment. Plaintiff's appeal is properly before us because "notice of appeal from an order directing summary judgment . . . shall be deemed to specify a judgment upon said order entered after service of the notice of appeal and before entry of the order of the appellate court upon such appeal" (CPLR 5501[c]; see also Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C5501:10).
Supreme Court should have granted plaintiff leave to amend his complaint under the relation-back doctrine to add SLGM Corp. and SLGM LLC as defendants. The parties dispute only whether the SLGM entities are united [*2]in interest with SLG 100. If a party to be added is united in interest with the original defendant, and because of that relationship can be charged with having notice that an action has been instituted, then that party will suffer no prejudice in maintaining a defense on the merits (Marrone v Miloscio, 145 AD3d 996, 999 [2016]). The record establishes that SLG 100 and the SLGM entities were closely interrelated, centrally controlled, and represented to the public as a single organization. Moreover, the SL Green entities have previously sought the benefits of being a single enterprise (see Jackson v SLG 1185 Sixth A LLC, 2016 WL 5253398 [Sup Ct., NY County, Sept 20, 2016]). Corporate entities may not discard their separate nature when it becomes inconvenient and yet retain all the advantages that it brings (see e.g. Statesman Sav. Holdings Corp. v United States, 41 Fed Cl 1,16 [1998] ["A corporation cannot be used indiscriminately as both a sword and as a shield"], citing Alford v Frontier Enters., 599 F2d 483, 484 [1st Cir 1979]). Neither do the SLGM entities have any defenses that would not be available to SLG 100 (see Higgins v City of New York, 144 AD3d 511, 513 [1st Dept 2016]). Because the SL Green Entities "often blurred the distinction between them," they are considered united in interest (see Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401 [2d Dept 2018], lv dismissed 32 NY3d 1144 [2019], quoting Donovan v All-Weld Prods. Corp., 34 AD3d 257, 257 [1st Dept 2006]).
With respect to the Labor Law § 200 claim, to the extent that the cause of action was based on the manner and means of plaintiff's work, SLG 100 established prima facie that it "had only general supervisory authority over the worksite, and did not control the manner in which the injury-producing work was being performed" (Mendriski v New York City Hous. Auth., 189 AD3d 410, 411 [1st Dept 2020]; see Rivera v 11 W. 42 Realty Invs., L.L.C., 176 AD3d 587, 588 [1st Dept 2019]). In opposition, plaintiff failed to raise an issue of fact.
To the extent that the cause of action was based on a dangerous premises condition as the elevator owner, SLG 100 has a nondelegable duty to ensure the elevator was kept in a reasonably safe condition. SLG 100 entered into a full-service maintenance contract with Marcato to maintain and repair the elevators at the premises. Property owners and their agents are vicariously liable for injuries sustained as a result of their subcontractors' negligence, regardless of whether they had notice of any defects (see Mas v Two Bridges Assoc., 75 NY2d 680, 688 [1990]). SLG 100 is vicariously liable for Marcato's negligence. Therefore, its motion for summary judgment against plaintiff should be denied and plaintiff's common-law negligence claim reinstated.
Marcato admits that the elevator had an infrared sensor installed in the inner cab that should have prevented the elevator door from closing if a person or object was in its path. The record contains sufficient [*3]evidence that plaintiff would have triggered this sensor had it been functional. For instance, plaintiff testified that as the elevator doors started to close parts of his body were inside the elevator, and he was at the midpoint in the process of getting in. The elevator operator testified that if the sensor was functioning properly the doors would retract before making contact with someone entering or exiting. If plaintiff had moved far enough into the elevator for his right shoulder to be hit as he alleges, then a functioning sensor would have identified his form in the threshold and prevented the door from closing. Thus, Marcato may still be held liable under the doctrine of res ipsa loquitur (see Ianotta v Tishman Speyer Props., Inc., 46 AD3d 297, 299 [1st Dept 2007]). Marcato's motion for summary judgment should therefore be denied, dismissal of plaintiff's claim vacated and the claims against Marcato reinstated.
Plaintiff failed to show that defendants violated an Industrial Code regulation that "mandat[es] compliance with concrete specifications[,]" as opposed to one "that establish[es] general safety standards" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; see Misicki v Caradonna, 12 NY3d 511, 515 [2009]). Instead, plaintiff predicates his Labor Law § 241(6) claim on Industrial Code (12 NYCRR) § 23-7.3(e), which provides that the type of elevator cars that allegedly injured plaintiff "shall be operated only by competent, trained, designated persons" — language that merely sets general safety standards is insufficient to sustain a Labor Law § 241(6) claim(see Toussaint v Port Auth. of N.Y. & N.J., 38 NY3d 89, 95 [2022]). Therefore, plaintiff's Labor Law § 241(6) claim was properly dismissed.
As to defendants' indemnification claims, SLG 100 was properly denied summary judgment on its unpleaded contractual indemnification claim against L&K (see Mendoza v Manila Bar & Rest. Corp., 140 AD3d 934, 935 [2d Dept 2016]; Pludeman v Northern Leasing Sys., Inc., 106 AD3d 612, 616 [1st Dept 2013]). SLG 100 was also properly denied summary judgement on its contractual indemnification claim against Kleinknecht. SLG 100's contracts with PS Marcato and Kleinknecht — and, insofar as concerns PS Marcato, the common law — require that SLG 100 be indemnified from any claims "arising out of," or "relating to . . . acts" or "omissions" connected to their work for SLG 100, in the event that PS Marcato and Kleinknecht were negligent with respect to plaintiff's accident. As there is no evidence that Kleinknecht was negligent, the indemnification claim against it was properly dismissed (see Arias v Sanitation Salvage Corp., 199 AD3d 554, 557 [1st Dept 2021]). Because we have reinstated plaintiff's negligence claim against Marcato, SLG 100's cross claim must likewise be reinstated, and SLG 100 is granted conditional summary judgment that it must be indemnified if Marcato is later judged to be negligent.
Finally, L&K is entitled to summary [*4]judgment on its contractual indemnification claim against Kleinknecht. Here, the indemnification clause in the subcontractor vendor agreement between L&K and Kleinknecht states that "[Kleinknecht] agrees to indemnify . . . [L&K] from any and all claims . . . related to . . . personal injuries . . . brought against [L&K] . . . arising out of or in connection with or as a result or consequence of the performance of [Kleinknecht's] Work . . . whether or not caused in whole or in part by [Kleinknecht] . . ." Indemnification agreements, like L&K and Kleinknecht's, with a scope- or performance-of-the-work clause are indeed broad and will be triggered solely by virtue of an accident occurring in the course of the indemnitor's work (see e.g. Pimentel v DE Frgt. LLC, 205 AD3d 591, 593-594 [1st Dept 2022]; Cackett v Gladden Props., LLC, 183 AD3d 419, 421-422 [1st Dept 2020]). Thus, "[a] contractual indemnification clause may shift liability . . . to an employer even where the employer was not negligent" (id. at 422). Plaintiff's alleged injury occurred in the course of performing work for Kleinknecht, as a result, "while there is no evidence that any negligence on [Kleinknecht]'s part contributed to plaintiff's accident, its duty to indemnify under the agreement was triggered by the fact that the accident arose from plaintiff's performance of his work as an employee of [Kleinknecht]" (id., quoting Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019] [brackets omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023