Gervasi v FSP 787 Seventh LLC (2024 NY Slip Op 03135)

Gervasi v FSP 787 Seventh LLC

2024 NY Slip Op 03135

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 161506/19, 595771/20 Appeal No. 2482&M-2049 Case No. 2023-02380 

[*1]Michael Gervasi, Respondent,
v
FSP 787 Seventh LLC, et al., Respondents-Appellants.
FSP 787 Seventh LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
New Land Interiors Corp., Third-Party Defendant-Appellant-Respondent, Eurotech Construction Corp., Third-Party Defendant-Respondent.

Carol R. Finocchio, Water Mill, for appellant-respondent.
Barry, McTiernan & Moore LLC, New York (Allison A. Snyder of counsel), for respondents-appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for Michael Gervasi, respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin A. Faley of counsel), for Eurotech Construction Corp, respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered April 27, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his claim under Labor Law § 241(6) as against defendants FSP 787 Seventh LLC and Structure Tone, LLC and dismissed the affirmative defenses alleging plaintiff's comparative negligence and culpable conduct; denied the motions of defendants FSP 787 Seventh, Fifth Street Property, LLC, Sidley Austin, LLP, and Structure Tone (collectively, defendants) and third-party defendant New Land Interiors Corp. for summary judgment dismissing plaintiff's Labor Law § 241(6) claim; denied defendants' motion for summary judgment on their claims for contractual indemnity against third-party defendants New Land and Eurotech Construction Company; granted defendants' motion to dismiss plaintiff's Labor Law § 200 claim; and denied New Land's motion to dismiss the third-party complaint and all cross-claims against it, unanimously modified, on the law, to grant conditional contractual indemnification to defendants as against New Land and Eurotech, and otherwise affirmed, without costs.
Plaintiff, a journeyman carpenter employed by Eurotech, alleges that as he walked across the site of a renovation project, he was injured when he tripped on a concrete-colored steel pin or nail embedded in a concrete floor at the site. The pin or nail blended in with the floor because of its color, although it extended ½" above the floor.
Plaintiff demonstrated entitlement to summary judgment on his Labor Law § 241(6) cause of action by submitting evidence unequivocally establishing that the steel pin or nail left partially embedded in the floor was a "sharp projection" that violated Industrial Code § 23-1.7(e)(2) in that it was "clearly defined or distinct" (see Lenard v 1251 Ams. Assoc., 241 AD2d 391, 393 [1st Dept 1997], appeal withdrawn 90 NY2d 937 [1997]; see also Kaufman v Capital One Bank (USA) N.A., 188 AD3d 461, 462 [1st Dept 2020]). No party submitted evidence sufficient to raise a triable issue of fact on this issue. Furthermore, plaintiff's motion to dismiss defendants' affirmative defenses was properly granted because the record contains no evidence that plaintiff was negligent (see Ortega-Estrada v 215-219 W. 145th St. LLC, 118 AD3d 614, 615 [1st Dept 2014]; Once v Service Ctr. of N.Y. 96 AD3d 483, 483 [1st Dept 2012], lv dismissed 20 NY3d 1075 [2013]).
On its motion, New Land did not establish its entitlement to dismissal of the claims and cross-claims against it for common-law indemnification and contribution. New Land was the contractor charged with gut demolition of the site, including removal of the pin or nail that allegedly caused plaintiff's accident. Its argument that the nail could have been placed post-demolition by Eurotech as part of the later build-out is based on nothing more than speculation. The record contains no evidence contradicting the testimony [*2]by Eurotech's foreman that the nail was not the type that Eurotech used. We also reject New Land's attempt to reinstate plaintiff's Labor Law § 200 claim against defendants because no party opposed defendants' motion to dismiss plaintiff's section 200 claim (see Howard v Turner Constr. Co., 134 AD3d 523, 524-525 [1st Dept 2015]).
However, defendants should have been granted conditional summary judgment on their claims of contractual indemnity against New Land and Eurotech. Neither of the indemnification provisions in defendants' contracts with New Land and Eurotech contained a negligence trigger. Rather, the respective provision was triggered if the claim arose out of New Land's or Eurotech's work (see Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]; Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268, 271 [1st Dept 2007]). Thus, the facts presented create the circumstances sufficient for the provisions to be triggered. Removal of the pin or nail was the admitted responsibility of New Land, the demolition contractor. In addition, although there was no evidence that Eurotech had any involvement with the nail, plaintiff was a working as a carpenter for Eurotech at the time of his accident (see Cackett v Gladden Props., LLC, 183 AD3d 419, 421-422 [1st Dept 2020]; Urbina, 46 AD3d at 271). The indemnity is conditional because a jury must assess defendants' liability, if any, based upon their purported failure to discover the condition following New Land's completion of demolition on the floor.
We have considered the remaining arguments and find them unavailing.
M-2049 — Gervasi v FSP 787 Seventh LLC, et al. Motion for stay of trial pending appeal, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024