99 Wall Dev., Inc. v Consigli & Assoc., LLC (2024 NY Slip Op 06112)

99 Wall Dev., Inc. v Consigli & Assoc., LLC

2024 NY Slip Op 06112

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 656973/17 Appeal No. 3167 Case No. 2023-05111 

[*1]99 Wall Development, Inc., Plaintiff,
v
Consigli & Associates, LLC Formerly Known as T.G. Nickel & Associates, LLC, Defendant-Appellant-Respondent, Domestic Plumbing Corp., Defendant, HIG Services, Inc., Defendant-Respondent-Appellant. [And Other Actions]

Cullen and Dykman LLP, New York (Adrienne Yaron of counsel), for appellant-respondent.
Milber Makris Plousadis & Seiden, LLP, Purchase (Anthony J. Scotti of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lucy Billings, J.), entered September 11, 2023, which, insofar as appealed from, granted defendant HIG Services, Inc.'s (HIG) motion for summary judgment dismissing defendant Consigli & Associates, LLC's (f/k/a T.G. Nickel & Associates, LLC) (Consigli) cross-claim for breach of contract for failure to procure insurance, denied the branch of HIG's summary judgment motion as sought dismissal of Consigli's contractual indemnification cross-claim, and denied Consigli's cross-motion for summary judgment on its contractual indemnification and breach of contract cross-claims, unanimously modified, on the law, to the extent of denying HIG summary judgment dismissing Consigli's cross-claim for breach of contract, and granting Consigli's cross-motion to the extent it sought summary judgment as to liability on its breach of contract cross-claim, and otherwise affirmed, without costs.
This is a property damage action brought by plaintiff property owner 99 Wall Development, Inc. (99-Wall) for water damage in its building that occurred during a construction project. 99-Wall sued construction project manager Consigli, electrical subcontractor HIG, and plumbing contractor D-Plumbing, alleging that each was responsible for the water damage. Consigli is entitled to summary judgment as to liability on its breach of contract cross-claim against HIG because the record establishes that HIG failed to procure the additional insured endorsements required in the parties' subcontractor agreement (see Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 528 [1st Dept 2023]; Benedetto v Hyatt Corp, 203 AD3d 505, 506 [1st Dept 2022]). The subcontract required HIG to name Consigli as an additional insured using an "ISO Additional Insured Endorsement . . . or an endorsement providing equivalent or broader coverage to the additional insureds." This endorsement requires the insurer to defend an additional insured if there is any causal relationship between the alleged harm and the named insured's work, regardless of whether there is any allegation of negligence by the named insured, or on the part of the indemnitee (see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 37-39 [2010]). The broad duty to defend owed to the additional insured under the endorsement required by the subcontract applies whether the additional insured was negligent and proximately caused the claimed loss, or not. Instead, HIG obtained insurance which limits liability to that "which the additional insured [Consigli] is entitled to be indemnified by the 'Named Insured' [HIG] pursuant to the 'written contract [the HIG subcontract].'" Consigli has demonstrated that, because HIG obtained this non-conforming insurance, it was obligated to cover the cost of defending itself in this litigation until HIG's insurer ultimately took over its defense. We note that HIG's insurer threatened in correspondence that there would be no additional insured [*2]coverage afforded under its non-compliant additional insured endorsement if, and to the extent, negligence on Consigli's part was found to have proximately caused the water damage loss claimed by plaintiff.
Damages on this breach of contract cross-claim include any past defense costs incurred by Consigli before HIG's insurer assumed its defense that would have been covered by insurance compliant with the subcontract.
As for Consigli's cross-claim for contractual indemnification of its defense costs in this litigation, although the indemnification language was broad, as it required HIG to indemnify Consigli for damages caused by an act occurring in, arising out of, or resulting from, HIG's performance of its work (see Cackett v Gladden Props., LLC, 183 AD3d 419, 420 [1st Dept 2020]; Estevez v SLG 100 Park LLC, 215 AD3d 566, 570 [1st Dept 2023]), the evidence in the record nonetheless raised triable issues as to whether Consigli, as indemnitee, was the sole proximate cause of the claim of loss in question, warranting denial of its motion for summary judgment pending a jury's apportionment
of liability (see Quiroz v New York Presbyt./Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]; Cackett, 183 AD3d at 422).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024