O'Brien v Tectonic Bldrs. Inc. (2025 NY Slip Op 06656)

O'Brien v Tectonic Bldrs. Inc.

2025 NY Slip Op 06656

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, JJ. 

Index No. 150670/19|Appeal No. 5256|Case No. 2025-00321|

[*1]Kevin O'Brien, Plaintiff-Appellant,
v
Tectonic Builders Inc., et al., Defendants-Respondents. [And Other Third-Party Actions]

Burdzy Rybak Law, New York (Steven Aripotch of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Jericho (John J. Nicolini of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 26, 2024, which denied plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim, unanimously modified, on the law, to grant the motion insofar as predicated on violations of Industrial Code (12 NYCRR) § 23-1.7(e)(1) and (2), and otherwise affirmed, without costs.
On January 9, 2019, plaintiff Kevin O'Brien, a marble-floor finisher, was working on a store renovation project at 650 Madison Avenue in Manhattan. Plaintiff injured his shoulder, including a fracture and torn labrum when he tripped on the front edge of a makeshift ramp (at its low end) when heading to a bathroom. The ramp was four feet wide made of plywood construction, and was utilized in an adjacent, vacant retail space that served as a staging area for the workers' tools and equipment. The adjacent retail space had bi-level flooring, with one level slightly elevated above the rest of the flooring by 12 to 16 inches. To reach a stairway that led down to a basement bathroom beneath the staging retail space, plaintiff, as well as the other workers, used the ramp as a passageway. The ramp was predominantly installed to accommodate the movement of moderately heavy equipment, from the storage space to the retail space under renovation, but if a worker did not wish to step up the 12-to-16- inch height differential unaided, the ramp provided the alternative for ascending to the higher floor area.
According to Tectonic's project superintendent, the ramp, which was built by laborers, was damaged a day prior to plaintiff's accident, when a heavy mechanical lift was moved over the ramp, which caused it to collapse partially in height, causing the higher end of the ramp to no longer being flush with the upper floor level, and the nose of the ramp at its lower end to be lifted two to three inches higher off the cement floor than before the lift compressed the wooden ramp. The accident occurred the next morning before any repair was ever done.
Based upon this undisputed evidence, plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim should have been granted. The ramp on which plaintiff tripped constituted a passageway under Industrial Code § 23-1.7(e)(1) and a working area under section 23-1.7(e)(2) (see Fitzgerald v Marriott Intl., Inc., 156 AD3d 458, 458-459 [1st Dept 2017]). The two to three inch raised nose of the damaged ramp amounted to an "obstruction[] or condition[] which could cause tripping" (12 NYCRR 23-1.7[e][1]). The raised nose of the ramp also constituted a "sharp projection[]'' within the meaning of section 23-1.7(e)(2), as the projection hazard was clearly defined and distinct from the surrounding floor surface (see Lenard v 1251 Ams. Assoc., 241 AD2d 391, 393-394 [1st Dept 1997]; Kaufman v Capital One Bank [USA] N.A., 188 AD3d 461, 462 [1st Dept 2020]). The facts here establish that the hazard was a proximate cause of plaintiff's injury.
The integral to the work defense does not apply here because the damaged ramp could have been repaired and made safe without preventing the work from continuing (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320-321 [2024]; Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC, 227 AD3d 502, 503 [1st Dept 2024]).
Defendants' argument that plaintiff was the sole proximate cause of his accident by not lifting his foot higher to step onto the damaged, raised ramp is unavailing. Any comparative negligence on the part of plaintiff does not defeat his claim under Labor Law § 241(6) (see Rodriguez v City of New York, 31 NY3d 312, 324 [2018]; Bucci v City of New York, 223 AD3d 453, 455 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025