Jadan v 414 Gerard Owner, LLC

2026 NY Slip Op 02063

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Juan Carlos Perez Jadan, Plaintiff,

v

414 Gerard Owner, LLC, et al., Defendants-Respondents.

414 Gerard Owner, LLC, et al., Third-Party Plaintiffs-Respondents,

Citywide Container Service Corp., Third-Party Defendant-Appellant.

Decided and Entered: April 07, 2026

Index No. 815648/22|Appeal No. 6302|Case No. 2025-01509|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

BBC Law, LLP, New York (Veronica A. Rozo of counsel), for appellant.

Fabiani Cohen & Hall, LLP, New York (Nicholas Vevante of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered February 26, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Citywide Container Service Corp. for summary judgment dismissing defendants/third-party plaintiffs' contribution, common-law and contractual indemnification claims as against it, unanimously affirmed, without costs.

As a threshold matter, this appeal is properly before the Court and is not affected by the subsequent order granting reargument and adhering to the prior order (CPLR 5517[a][1]).

In this Labor Law construction accident action, defendants/third-party plaintiffs 414 Gerard Owner LLC, the property owner, and Monadnock Construction, Inc., the general contractor for the construction project, seek contribution and common-law and contractual indemnification from Citywide. Monadnock contracted with Citywide to provide the construction site with mini containers to be used for the collection of construction debris. Citywide's representative testified that, as a matter of practice, Citywide inspected all the mini containers and made any necessary repairs before delivering them to a construction site, at which point the customer took possession and was responsible for moving them into the site.

On the day of his accident, plaintiff was moving a loaded mini container to another floor when he heard the wheel screech, felt a "snag," and then the mini container tipped over and fell on his foot. Plaintiff noticed a bent wheel on the mini container immediately after his accident.

Citywide did not establish prima facie entitlement to summary dismissal of the contribution and common-law and contractual indemnification claims. As to the contractual indemnity claim, Citywide failed to establish that the indemnity provision, which provides that Citywide shall indemnify 414 Gerard and Monadnock to the fullest extent permitted by law for claims "arising from, in connection with or relating to the performance (or nonperformance)" of Citywide's work, did not cover the accident (see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415 [2008]). Citywide's work was to supply and deliver mini containers that were free from defects and fit for their ordinary purpose. There is an issue of fact as to whether a defective wheel contributed to plaintiff's accident. Citywide's generalized inspection testimony failed to establish that the mini container at issue was defect-free when supplied. Notably, plaintiff testified that the wheel screeched before the mini container tipped over and that he noticed a bent wheel immediately thereafter (see e.g. Ryan v City of New York, 68 AD3d 613, 613 [1st Dept 2009]).

[*2]

As to common-law indemnification and contribution, because there are issues of fact as to what caused the accident, summary dismissal of those claims is also precluded (see Douglas v Roseland Dev. Assoc., LLC, 225 AD3d 467, 468 [1st Dept 2024]; Cackett v Gladden Props., LLC, 183 AD3d 419, 420-422 [1st Dept 2020]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026