*624 Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about February 25, 2014 and March 3, 2014, which, insofar as appealed from as limited by the briefs, denied defendant Linden Construction Corp.’s motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims and the Labor Law § 241 (6) claim as predicated on 12 NYCRR 23-1.7 (e) (2) as against it and the third-party contractual indemnification claim, denied defendant Forest Electric Corp.’s motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims and the Labor Law § 241 (6) claim as predicated on 12 NYCRR 23-1.30 as against it and the third third-party contractual indemnification claim, and granted the cross motion by defendants RBNB 20 Owner, LLC and NB 20 Developers, LLC (collectively, the owner defendants) and Newmark Construction Services, LLC (Newmark) for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them and for summary judgment on their third-party contractual indemnification claims against Linden and Forest, unanimously modified, on the law, to grant Linden’s motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it, and to deny the owner defendants and Newmark’s cross motion insofar as it sought summary judgment on their contractual indemnification claims against Forest and Linden and summary judgment dismissing the common-law negligence and Labor Law § 200 claims against defendant Newmark, and otherwise affirmed, without costs.
Plaintiff sustained injuries when he stepped on and fell over an 8- to 10-inch sprinkler pipe at the construction site. Defendant RBNB 20, the owner of the building under construction, retained defendant NB 20 as the “Contractor” on the project. RBNB and NB20, the owner defendants, retained defendant Newmark as the “construction manager.” NB 20 subcontracted the electrical work (including lighting of the work site) to defendant Forest, the drywall and carpentry work to defendant Linden, and the fire protection work to nonparty Active Fire Sprinkler, which was plaintiff’s employer. Linden, in turn, sub-subcontracted the taping and spackling work to defendant Tower Interior Corp. and the sheetrocking and carpentry work to nonparty New York Drywall. Plaintiff testified that the pipe was residual waste from his sprinkler work and that the spacklers employed by Tower created the hazardous condition *625 by knocking over the disposal bucket in which he had placed the pipe. He also testified that inadequate lighting was a cause of his accident.
Linden was entitled to summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it. As a subcontractor and, therefore, the statutory agent of the owner and general contractor, Linden stands in the shoes of the owner and general contractor, neither of which may be held liable under common-law negligence or Labor Law § 200 (a codification of common-law negligence) for injuries arising from a dangerous condition in the absence of evidence that such party actually created the dangerous condition or had actual or constructive notice of it (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; Lopez v Dagan, 98 AD3d 436, 438 [1st Dept 2012], lv denied 21 NY3d 855 [2013]). Uncontroverted evidence establishes, as a matter of law, that Linden sub-subcontracted all of its work to Tower and New York Drywall and furnished no workers in its own employ to perform work. Rather, Linden’s presence at the site was limited to one-hour visits by its president once a week or every other week. Since there is no evidence that Linden itself created the condition in question or had actual or constructive of it, it cannot be held liable for injuries arising from that condition under common-law negligence or Labor Law § 200, neither of which makes an owner, a general contractor or their statutory agent vicariously liable for the negligence of a downstream subcontractor (see Burkoski v Structure Tone, Inc., 40 AD3d 378, 381 [1st Dept 2007] [“While the conditions that allegedly caused the accident may have been created by the negligence of . . . the flooring subcontractor, neither the common law nor Labor Law § 200 makes STI, as general contractor, vicariously liable for the negligence of its subcontractors”]).
However, given that Linden’s subcontract with NB 20 delegated to it the authority to supervise all drywall work, and given plaintiff’s allegation that the presence of the pipe segment on the floor was caused by employees of Linden’s spackling sub-subcontractor (Tower), Linden is subject to liability under Labor Law § 241 (6) as a statutory agent (Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 192-193 [1st Dept 2011]). Contrary to Linden’s contention, that plaintiff “slipped,” rather than “tripped,” on the pipe does not render 12 NYCRR 23-1.7 (e) (2) (“Tripping and other hazards”) inapplicable to his case (see e.g. Capuano v Tishman Constr. Corp., 98 AD3d 848 [1st Dept 2012]; Lopez v City of N.Y. Tr. *626 Auth., 21 AD3d 259 [1st Dept 2005]; Nankervis v Long Is. Univ., 78 AD3d 799 [2d Dept 2010]).
Forest, the subcontractor responsible for electrical work on the project and for lighting at the site, failed to establish prima facie that it had no notice of a burnt-out light bulb in the area where plaintiff fell. Further, on this record, an issue of fact exists as to whether inadequate illumination contributed to the causation of the accident. Pursuant to the terms of its subcontract with NB 20, Forest is subject to liability under Labor Law § 241 (6) as a statutory agent (see Russin, 54 NY2d at 317-318; Nascimento, 86 AD3d at 192-193), and plaintiff is entitled to have his claim against Forest under that statute, predicated on 12 NYCRR 23-1.30 (“Illumination”), proceed to trial. In addition, because a triable issue exits as to whether Forest had actual or constructive notice of the inadequate lighting in advance of the accident, plaintiff is also entitled to go to trial on his claims against Forest under Labor Law § 200 and common-law negligence. Accordingly, the motion court correctly denied Forest summary judgment dismissing all of these claims.
The owner defendants cannot be held liable for plaintiff’s injuries under Labor Law § 200 or common-law negligence principles, since nothing in the record shows that the owner defendants created or had notice of the dangerous conditions caused by the pipe or the inadequate lighting, which allegedly caused plaintiff’s accident (see Lopez v Dagan, 98 AD3d at 438; Hernandez v Columbus Ctr., LLC, 50 AD3d 597, 598 [1st Dept 2008]). However, plaintiff’s testimony that, before the accident, he had complained to Newmark’s construction supervisor about the burnt-out lightbulb in the room where the accident occurred creates an issue as to whether Newmark had notice of a dangerous condition that allegedly contributed to the accident. Accordingly, the motion court erred in granting Newmark summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it.
In view of the existence of triable issues as to whether employees of Tower, Linden’s sub-subcontractor, created the condition giving rise to plaintiff’s injury, and as to whether inadequate lighting provided by Forest contributed to plaintiff’s accident, the motion court correctly denied both Linden and Forest summary judgment dismissing the owner defendants’ and Newmark’s third-party claims for contractual indemnification against them, pursuant to their respective subcontracts. However, since the statutory liability of the owner defendants and Newmark may be found to arise from the work of either *627 Linden or Forest, and whether the loss arose from the work of either or both of them will not be determined until after trial, the owner defendants should not have been granted summary judgment on their indemnification claim against either Linden or Forest. In addition, as previously discussed, an issue of fact exists on this record as to whether Newmark had notice of the inadequate lighting, which precludes summary judgment for Newmark on its indemnification claims at this juncture.
Concur — Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.