Burgund v Cushman & Wakefield, Inc. (2018 NY Slip Op 08354)





Burgund v Cushman & Wakefield, Inc.


2018 NY Slip Op 08354


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7814 155887/14

[*1]James Burgund, Plaintiff-Respondent,
v
Cushman & Wakefield, Inc., Defendant-Appellant, JT & T Air Conditioning Corp., Defendant.


McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for appellant.
Marder, Eskesen & Nass, New York (Joseph B. Parise of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about April 25, 2017, which, to the extent appealed from as limited by the briefs, denied the motion of defendant property manager Cushman & Wakefield, Inc. (C & W) for summary judgment dismissing the Labor Law claims as against it, unanimously modified, on the law, to dismiss the Labor Law § 240(1) claim as against C & W, and otherwise affirmed, without costs.
The record demonstrates that defendant property manager C & W was a statutory agent of the property owner (Verizon) and general contractor with respect to plaintiff's claims under Labor Law §§ 200 and 241(6), but not as to the Labor Law § 240(1) cause of action. C & W's manager testified that he oversaw general operations in Verizon's building, including offering managerial aid to Verizon's employees, like plaintiff, in relation to building issues, roofs, and other repairs, and this evidence was sufficient to raise factual issues regarding C & W's duty to keep the premises, including the areas of the building where renovation of hardware systems upgrades were being performed at the time plaintiff was injured, safe (see DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 625 [1st Dept 2015]).
However, C & W's manager testified that he lacked knowledge of the internet installation work plaintiff was performing when injured, that he did not direct or supervise such work, and that the focus of his office was centered on unrelated air conditioning upgrade work on the second floor of the building at the time in question. This, together, with plaintiff's testimony, inter alia, that he supervised his own work and was not supervised by C & W, undermines plaintiff's Labor Law § 240(1) claim and it should be dismissed (see Betancur v Lincoln Ctr. for the Performing Arts, Inc., 101 AD3d 429 [1st Dept 2012]).
We have considered C & W's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK