Wenk v Extell W. 57th St. LLC (2020 NY Slip Op 06733)





Wenk v Extell W. 57th St. LLC


2020 NY Slip Op 06733


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 152492/14 Appeal No. 12378 Case No. 2020-01905 

[*1]Christopher Wenk, Plaintiff-Respondent,
v
Extell West 57th Street LLC et al., Defendants, L. Martone & Sons Inc., Defendant-Appellant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Sofya Uvaydov of counsel), for appellant.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (Noah Katz of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered September 18, 2019, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.
The court properly determined that defendant-respondent L. Martone and Sons, Inc. was "statutory agent" for Labor Law § 200 purposes. The record establishes that it had been delegated the authority to control the activity which brought about the injury (Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]). Its vice president, who also served as the supervisor and foreman on the project, testified that L. Martone was charged with providing temporary protection against the drain holes while awaiting plumbers to install permanent protection, that it used bags of limestone for such purposes, and that he, as the foreman, was responsible for ensuring that the bags were in place until the installation of the permanent protection. Although plaintiff sought partial summary judgment on only his common-law negligence claim, he did not expressly concede that L. Martone was not a statutory agent, and the court could properly find that it was a statutory agent based on a search of the record upon L. Martone's motion for summary judgment to dismiss the claim.
The court also properly determined that L. Martone was subject to Labor Law § 200 liability. This case is a manner and means of work case, as opposed to a defective premises case, and, as noted, the record establishes that L. Martone exercised supervisory control over the injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
The court properly granted plaintiff partial summary judgment on the Labor Law § 200 and common-law negligence claims. Plaintiff established that L. Martone created the dangerous condition that resulted in his injuries, and L. Martone failed to raise a triable issue of fact (DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 625 [1st Dept 2015]). The vice president of L. Martone testified that L. Martone was charged with placing the bags of limestone in the holes until permanent coverings could be installed, and that he, as the foreman, was responsible for ensuring that the bags were in place until the installation of permanent coverings. Moreover, it is undisputed that, without the bags, the holes would be hidden under a black felt sheet; the witness testified that there were no warning signs instructing others to not remove the bags; and plaintiff and his co-workers testified they never received any warnings of holes under the felt sheet. L. Martone, as the non-movant, is not entitled to a favorable inference that another trade moved the bag in view of the undisputed fact that there were no warnings to not remove it.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020