Pena v Intergate Manhattan LLC (2021 NY Slip Op 03261)





Pena v Intergate Manhattan LLC


2021 NY Slip Op 03261


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 154441/17 595531/17 Appeal No. 13848 Case No. 2020-03293 

[*1]Juan Pena, Plaintiff-Appellant-Respondent,
v
Intergate Manhattan LLC, et al. Defendants-Respondents-Appellants, Greg Beeche Logistics, LLC, Defendant-Respondent, Verizon New York Inc., Defendant.
American Industries Corp. of New York, Third-Party Plaintiff-Respondent- Appellant.
v
Greg Beeche Logistics LLC, Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Law Offices of Kevin P. Westerman, Elmsford (Michael L. Safranek of counsel), for respondents-appellants.
Wood Smith Henning & Berman LLP, New York (Kevin T. Fitzpatrick of counsel), for respondent.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered on or about May 6, 2020, which, inter alia, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendants Intergate Manhattan LLC (Intergate), Sabey Data Center Properties LLC (Sabey Data), Sabey IGM Construction LLC (Sabey IGM), and American Industries Corp. of New York (AIC) (collectively Owners/GC), denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendant subcontractor Greg Beeche Logistics, LLC (Beeche), and denied Owner/GC's motion for summary judgment on their contractual and common-law indemnification cross claims against Beeche, unanimously affirmed, without costs.
On the day of the accident plaintiff was working as a glazier on the faÇade of a building in downtown Manhattan from a motorized scaffold. The vertical movement of the motorized scaffold was controlled by a power cord that stretched approximately 500 feet long and weighed approximately 300-400 pounds. Plaintiff asserts that this power cord fell from above the scaffold and struck his arm. The scaffold structure was designed and constructed by Beeche. Beeche also provided daily inspection of the scaffold and trained the workers who would use it to conduct their work. A Beeche employee on site also monitored wind conditions to assure that the scaffold could be used safely. The jobsite also had a safety inspector on site employed by Site Safety LLC, and it is unclear whether the Beeche employee or the Site Safety inspector had final decision making authority to monitor wind conditions and determine if the motorized scaffold was safe for use. The scaffold was operated by a co-employee of plaintiff. No Beeche employee was deployed to operate, or ride, the scaffold.
Defendants contend that plaintiff gave conflicting accounts of his accident which give rise to triable issues of fact on plaintiff's Labor Law § 240(1) claim. However, even if the out of court statements upon which defendants rely were admissible, plaintiff's differing accounts as to what he was doing with his hand or arm when he was struck by a falling power cable did not raise issues of fact. At most, he was comparatively negligent under any of the accounts, and comparative negligence is not a defense to Labor Law § 240(1) liability (see Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]; see also Franco v 1221 Ave. Holdings, LLC, 189 AD3d 615 [1st Dept 2020]).
Plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against Beeche was properly denied on the ground that there are issues of fact as to whether Beeche had the requisite exclusive control or supervisory authority over the work area to be liable as a statutory agent (see Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 192-193 [1st Dept 2011]). There was testimony that Site Safety's employee, and not Beeche's, had final say as to when work [*2]could be performed on the scaffold and that plaintiff and his co-employees received direction from their employer and not Beeche. A co-employee of plaintiff's operated the scaffold's motor on the day in question, and plaintiff and another co-worker secured the secondary load lines when the scaffold was in motion. Further, there is no signed written contract governing Beeche's duties. Beeche's principal testified that he was guided by Beeche's proposal to the general contractor. That proposal provides that Beeche's duties with regard to the scaffold ended after the scaffold's installation. A subsequent change order appears to extend Beeche's ongoing duties. while also stating that "[e]quipment is the responsibility of [the GC] after installation." Neither the proposal nor the change order was signed, and it is unclear from the record which portions of the two documents were actually agreed to and implemented by the parties.
The court properly denied the Owners/GC's motion for summary judgment on their cross claim for contractual indemnification against Beeche on the ground that it was premature. The contractual indemnification provision at issue is contained in a standard AIA form contract which is amended by handwriting. While this contract was not fully executed by the parties, Supreme Court found, and the parties do not contest on appeal, that the provision embodies the parties' agreement concerning indemnification. The indemnification provision requires a finding of negligence the part of Beeche or its agents. Further, the Owners/GCs are not entitled to seek indemnification for their own negligence. As no finding has yet been made as to whether Beeche or the Owners/GCs were negligent, the motion was premature. 
Intergate, Sabey Data, and Sabey IGM's motion for summary judgment on their cross claim for common-law indemnification against Beeche was also properly denied as premature. To establish a claim for common-law indemnification, "the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). As no finding has yet been made as to whether Beeche or the Owners/GC were negligent, the motion was premature.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021