| |
|---|
| **Ardizzone v Summit Glory LLC** |
| 2025 NY Slip Op 30525(U) |
| February 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157243/2017 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

--------------------------------------------------------------------------------X

ANGELO ARDIZZONE, MARYBETH ARDIZZONE,

Plaintiff,

- v -

SUMMIT GLORY LLC,FOSUN INTERNATIONAL LIMITED, AMERICON CONSTRUCTION INC.,TITAN INDUSTRIAL SERVICES CORP., EASTERN DESIGN TILE & MARBLE, INC.,KABACK ENTERPRISES, INC.,MASPETH WELDING, INC.,RIVCO CONSTRUCTION, LLC,

Defendant.

--------------------------------------------------------------------------------X

AMERICON CONSTRUCTION INC.

Plaintiff,

-against-

ISLAND ARCHITECTURAL WOODWORK, INC.

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |

| | |
|---|---|
| INDEX NO. | 157243/2017 |
| MOTION DATE | 02/20/2024 |
| MOTION SEQ. NO. | 013 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595850/2021

The following e-filed documents, listed by NYSCEF document number (Motion 013) 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 553, 562, 566, 567, 568, 569, 579, 607, 608, 609, 610, 611, 612, 613, 637, 638, 647, 648, 649, 650, 651, 652, 655

were read on this motion to/for                              DISCONTINUE                              .

This action arises out of injuries allegedly sustained by plaintiff at a construction site.

Defendant Rivco Construction, LLC ("Rivco"), now moves for summary judgment dismissing

all plaintiffs' claims and crossclaims against it. Defendant American Construction Inc.

("Americon"), and defendant Summit Glory LLC ("Summit") oppose the instant motion, For the

reasons set forth below, the motion is granted in part.

## Background

This action arises from plaintiff's accident that occurred on June 9, 2016. At the time of the accident, defendant, Summit Glory LLC ("Summit"), owned 28 Liberty Street, New York, New York, the location of the subject accident. Summit retained non-party, CBRE, Inc., to be its exclusive property manager. Defendant, Fosun International Limited, owned Summit. Non-party tenant, Jones Lang Lasalle Americas, Inc., entered into a contract with defendant/third-party plaintiff, Americon Construction Inc. ("Americon"), the general contractor, to provide construction services in the tenant's leased space.

Defendant, Rivco, was hired by Americon, to install drywall and ceiling work for the construction project located at 28 Liberty Street New York, NY.

Plaintiff was employed by non-party Allran Electric of NY LLC, a subcontractor hired by Americon to perform electrical work. At the time of the accident plaintiff completed installing a light fixture when he was coming down the ladder, his right foot slipped on debris, and his knee gave out. Plaintiff testified that the debris pile he stepped on consisted of sawdust, metal debris from ductwork, some steamfitter pieces of pipe and some pieces of M.C. cable. Plaintiff testified that there was no debris on the floor when he ascended the ladder. Further, plaintiff testified he does not know how the debris he slipped on got on the floor or how long the debris was on the floor prior to his slipping on it.

### Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law.

[* 2]

*Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

*Labor Law § 200 and Common Law Negligence*

It is well-settled law that an owner or general contractor will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]. The First Department has held that liability pursuant to Labor Law § 200 only attaches where the owner or contractor had the "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition"(*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012] internal citations omitted). Liability attaches if the owner or general contractor created the defective condition. *Id*.

For the purposes of Labor Law § 200 "a subcontractor […] the statutory agent of the owner and general contractor, […]stands in the shoes of the owner and general contractor" (*DeMaria v RBNB 20 Owner, LLC*, 129 AD3d 623, 625 [1st Dept 2015]).

**Discussion**

Preliminarily, the Court finds that Rivco has established *prima facie* entitlement to dismissal of plaintiffs' claims pursuant to Labor Law §§ 240 (1), 241(6). Plaintiffs do not oppose dismissal of these claims as against Rivco. Although plaintiffs have not opposed the

[* 3]

portion of the motion seeking dismissal of its common law negligence and Labor Law § 200 claims, the Court finds that Rivco has not established entitlement to dismissal of these claims.

Rivco's conclusory contention that it did not cause or create the condition, is insufficient to establish its entitlement to dismissal of claims asserted against it. Although Rivco cites to the accident reports where it is alleged that plaintiff stepped on an MC cable, to support its contention that it did not cause or create the condition, plaintiff's later testimony of stepping on debris, and identifying multiple items, creates an issue of fact. At this juncture Rivco has not established through unrebutted admissible evidence that it did not cause or create the condition that caused plaintiff's accident.

Further, although there is testimony that American had laborers to clean debris created by multiple trades on-site, the language of the contract between Rivco and American provides that Rivco was responsible for cleaning its own debris. Accordingly, there is a question of fact as to the indemnification claims asserted by American and Summit. Thus, the Court finds that there are multiple issues of fact precluding dismissal of American's indemnification claims as well as plaintiff's common law negligence and Labor Law § 200 claims.

As to the portion of Rivco's motion that seeks dismissal of American's breach of contract claim for failure to procure insurance, that is denied. Rivco did not make any substantive arguments in its moving papers and the Court rejects Rivco's attempt to satisfy its burden in reply. Accordingly, it is hereby

ADJUDGED that the portion of Rivco's motion that seeks to dismiss plaintiffs' common law negligence claims and Labor Law § 200 claims is denied; and it is further

ORDERED that the portion of Rivco's motion that seeks dismissal of plaintiffs' claims pursuant to Labor Law §§ 240 (1), 241(6) is granted without opposition; and it is further

**157243/2017 Motion No. 013**

**Page 4 of 5**

[* 4]

ADJUDGED that the portion of Rivco's motion that seeks dismissal of Americon's breach of contract crossclaim is denied;

ADJUDGED that the portion of Rivco's motion that seeks dismissal of all crossclaims for contractual and common law indemnification is denied.

20250214131107LFRANKA898700CA44A4DA480DB495F92769597

**2/14/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |