## 132W26 Owner, LLC v Paramount Bldrs. Contr. Corp.

2025 NY Slip Op 30926(U)

March 21, 2025

Supreme Court, New York County

Docket Number: Index No. 152184/2017

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD G. LATIN**      PART     **46M**

*Justice*

-------------------------------------------------------------------------------X

132W26 OWNER, LLC,

            Plaintiff,

            - v -

PARAMOUNT BUILDERS CONTRACTING CORP.,
RGB GROUP, INC., AVISHAY I. MAZOR, P.E., and
BECKER ENGINEERING, P.C.,

            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152184/2017 |
| MOTION DATE | 3/13/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148

were read on this motion to/for           JUDGMENT - SUMMARY      .

Upon the foregoing documents, it is ordered that defendant RGB Group Inc. (RGB)'s motion for, inter alia, summary judgment is determined as follows:

This is an action brought by plaintiff 132W26 Owner, LLC., the owners of the property located at 132 West 26th Street (lot 132), against general contractors, Paramount Builders Contracting Corp., (Paramount), for negligence and breach of contract, and against subcontractor, RGB, professional engineer, Avishay I. Mazor P.E (Mazor), and professional engineering firm, Becker Engineering, P.C. (Becker) for negligence in connection with a construction project located at lot 132 (the construction project).

The complaint alleges that on or about November 2012, plaintiff and Paramount entered a contract wherein Paramount would manage and oversee the construction project. Paramount's duties included managing the day-to-day operations, means, methods, and procedures for work to be performed, as well as hiring subcontractors (NYSCEF Doc. No. 1 ¶¶ 15-17). On or about

**152184/2017 132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No. 004**

**Page 1 of 11**

[* 1]

January 2014, Paramount hired RGB to, among other things, install, supervise and furnish all the excavation and foundation related work for the project. This included bracing, shoring, and underpinning at the site. Mazor was the engineer who investigated and designed the excavation, foundation and underpinning plans for the construction site [1] (*id.,* ¶¶ 18-21). On or about March 2014, RGB performed the excavation of the foundation on the west side of the neighboring building, 130 West 26th Street (130 Building) in accordance with Mazor's design plan. The excavation that was performed caused the 130 Building to lean. Plaintiff alleges this was due to Paramount, RGB, Mazor and their agents/employees' careless, reckless and negligent engagement in construction procedures, including the excavation and underpinning of lot 132. Specifically, plaintiff alleges defendants did not take sufficient precautionary measures to prevent damage to the neighboring land and structure and this caused the 130 Building to become severely damaged (*id.,* ¶¶ 28-30).

In March 2014, the same month that RGB performed the excavation, New York City Department of Buildings (DOB) issued a stop work order for failure to protect the adjacent building during the excavation and underpinning activities. The DOB also ordered plaintiff to install temporary steel brace beams between the buildings located at 130 West 26th Steet and 134 West 26th Street (*id.,* ¶ 31). Plaintiff asserts that this could have been prevented if Paramount, RGB and Mazor adequately investigated and supervised the project, and as a direct and proximate cause of defendants' negligent workmanship and failure to comply with Building Code standards, plaintiff sustained extensive damages, including lost rents, additional interest on constriction loans, repairs and remediation efforts. Plaintiff represents that defendants' inability to remediate the

_____

[1] Paramount's prior subcontractor entered a contract with Mazor.

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**

**Page 2 of 11**

2 of 11

problem caused plaintiff to terminate Mazor from the project and entered it into a contract with Becker to inspect and investigate the remediation process (*id.,* ¶¶ 33-38).

On or about September 2014, Paramount, RGB and Becker re-commenced underpinning, pursuant to Becker's design. Plaintiff alleges this work was negligently performed and as a result, the work further damaged the adjacent building (*id.,* ¶¶ 41-44). On or about July 2015, the DOB issued a second stop work order, again for failure to protect the adjacent 130 Building. The alleged faulty design of the underpinning overburdened the soil underground causing additional leaning of the 130 Building and also damaging the building located at 128 West 26th Street. Plaintiff asserts that this issue also could have been prevented if Paramount, RGB and Becker had adequately investigated and supervised the project (*id.,* ¶¶ 47-49). Plaintiff represents that defendants' failure to remediate and repair the issue forced plaintiff to terminate Paramount and Becker from the construction project, also resulting in the instant matter for breach of contract and the negligence allegations in connection with the construction project (*id.,* ¶¶ 54-59).

**MOTION TO DISMISS**

Defendant RGB now moves for an order pursuant to CPLR § 3212 for summary judgment and dismissal of the complaint and crossclaims against it, on the grounds that it did not breach a duty to plaintiff and therefore is not required to indemnify Paramount (NYSCEF Doc. No. 88).

First, RGB argues for dismissal of the complaint because there allegedly is no evidence of RGB's negligence, or, alternatively, that RGB's actions or inactions were not the proximately cause of the damage. RGB explains that it was hired by Paramount to perform a specific and limited tasks, excavating and underpinning. It was not retained to investigate or to discover the shape, size or dimension of the 130 Building's foundation.

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**

**Page 3 of 11**

3 of 11

RGB states that prior to the commencement of the excavation and underpinning, on or about September 2013, a survey company performed and submitted a survey to plaintiffs, Paramount and Flatiron, the real estate advisors/project manager for 132W26 Owner LLC. The survey showed a pre-existing 6-inch lean toward the west of the 130 Building, and another survey that was performed on or about March 2014 showed a 9-inch lean toward the west of the 130 Building. RGB claims it was not made aware of the September 2013 survey until after the March 2014 stop work order. RGB argues that the 130 Building's pre-existing lean was evidence that the soil underground was already overloaded, and it contends that Paramount and plaintiff should have reviewed the survey and precluded the underpinning. RGB supports its argument with an affidavit in support from Yoandi Interian, a professional engineer, who asserts that the soil underground was already overstressed prior to the underpinning (NYSCEF Doc. No. 91, ¶¶13, 14, 17). RGB also points to project manager and son of the owners for 132W26 Owner LLC, Steven Ancona's assessment during his deposition (NYSCEF Doc. No. 103 p 9, lines 12-14). Steven Ancona represented that to his knowledge, RGB performed in accordance with the plan that was provided to them (NYSCEF Doc No. 104 p 379 lines 15-18). According to Steven Ancona's sworn statement, he did not have information that led him to believe that RGB should have performed soil testing, and that he was not aware that the issue was something that could have been discovered during the excavation by RGB (*Id*, p 375-376; p 384-385). RGB adds that Steven Ancona subsequently recommended RGB as a subcontractor for another project.

RGB also asserts that the design professionals and engineers failed to review the depicted drawing of the actual shape, size and dimension of the 130 Building's foundation, which was available with the DOB, before they created their own drawings. RGB argues that it was completely beyond the duty of RGB to seek out this information, and that it was relying on Mazor's

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**

**Page 4 of 11**

4 of 11

design plan instructions when performing the excavation. RGB also points out that unlike Paramount, it did not have contractual privity with Mazor. For these reasons, RGB argues that the matter should be dismissed. Alternatively, RGB argues that even if the lean was caused by the excavation, RGB was not the party supervising the excavation, since Paramount hired Skyline Engineer who was onsite daily to monitor the work performed by RGB.

Second, RGB argues that Paramount's crossclaims for contractual indemnification must be dismissed. RGB points to the indemnification clause in their contract which provides "contractor shall not be required to indemnify any indemnities to the extent attributable to such indemnities' negligence" (NYSCEF Doc. No. 89 ⁋ 59). Based on its assertion that Paramount was negligent when it arranged for underpinning when it allegedly knew of the existing lean, RGB argues that is not required to indemnify Paramount because the negligence was attributed to Paramount.

In opposition, plaintiff argues that the court must deny RGB's motion for summary judgment because of existing issues of material fact. Plaintiff asserts that the evidence, which includes the expert affidavits and testimony, creates triable issues proper for determination by a jury (NYSCEF Doc. No. 115).

Plaintiff asserts that RGB had a duty to inspect and inquire prior to beginning excavation and underpinning, and that this was clear in the notes made by Mazor, to the "contractor" on the SOE drawings.[2] Plaintiff explains that the notes in the engineer's SOE drawing included instructions that the subcontractor, RGB must have followed prior to excavation. Plaintiff argues that RGB's attempt to pass all the responsibility and failures of the project to the other contractors does not release it from its duty to perform the job in a non-negligent manner. Plaintiff explains

---

[2] SOE refers to Support of Excavation. (NYSCEF Doc. No. 103 p 97 lines 13-15)

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**                    **Page 5 of 11**
**Motion No.  004**

[* 5]

that there were no material structural concerns that manifested until after the underpinning operations began, which led DOB to respond to complaints regarding the 130 Building.

Alternatively, plaintiff argues that if pre-existing damage did exist, it provides support to plaintiff's argument that RGB negligently failed to inspect and report. Plaintiff argues that RGB does not address plaintiff's theory of negligence; and thus, does not eliminate the issue of fact. Plaintiff explains that RGB's argument focuses on the issue of whether RGB had a duty to determine the dimensions of the existing footing at the 130 Building and ignores questions relating to its own duty to inspect and report. Therefore, plaintiff contends, RGB's evidence has not demonstrated the absence of a material fact, and that defendant's reply papers cannot cure this deficiency. Furthermore, plaintiff argues that even if the court finds RGB has made a prima facia showing for summary judgment, RGB's motion must be denied since the facts alleged in RGB's expert, Yoandi Interian's affidavit and plaintiff's expert, Nathaniel Smith's affidavit "squarely oppose" one another as to their opinions and a battle of the experts cannot be resolved by the court on summary judgment (NYSCEF Doc No. 115 p 16).

In opposition, Paramount argues that RGB has not established the absence of issue of material fact (NYSCEF Doc. No. 135). Instead, Paramount states that the admissible evidence and testimony RGB provides establishes that there are significant issues of material fact with respect to RGB's negligence. Paramount emphasizes RGB's failure to comply with the contract documents and notes contained in the SOE plan, and the verification of field conditions, prior to and in connection with the excavation and underpinning; Paramount explains that the contract required RGB to take these actions, make provisions to protect the adjacent properties, to repair damages incurred during the process, and to perform a layout including survey. Paramount argues that contrary to RGB's allegation, Paramount did not have information that the 130 Building was

[* 6]

leaning before the underpinning operations began. Paramount adds that even if RGB's arguments create a prima facie case for dismissal, an issue exists as to why RGB, an experienced contractor specializing in underpinning, failed to demand a review of the baseline monitoring data before it commenced work, or failed to obtain its own data. Paramount argues that a jury could reasonably conclude that RGB was negligent, and that Paramount is entitled to indemnification from RGB. On these bases, Paramount concludes that the motion for summary judgment must be denied.

In reply, RGB argues that neither plaintiff nor Paramount has raised issue of fact that precludes a judgment in its favor (NYSCEF Doc. No. 148). RGB contends that the term "contractor" referred to in Mazor's SOE notes referred to Paramount with whom Mazor contracted, and not to RGB. RGB states that the contract between Paramount and RGB to perform the excavation specifically excluded any engineering supervision, engineering inspection, shop drawing, shoring, controlled inspections, quality insurance inspections, and "any items that has not been described in the above proposal," from RGB's scope of work (*id*., ⁋ 11). RGB also provides that the contract included a rider with the following express exclusions:

> "41. Protection and monitoring of above and below grade adjacent structures, utilities and pavements-on/off-site..."
> 51. Furnish Shop drawing withing 3 weeks of award…"
> 53. Furnish as-built drawing with calculations for owner record..."
> 56. Include all professional engineering and costs for this trade contractor's work…"
> (*id.,* ⁋ 14)

RGB adds that the contract also included that "[a]ll layouts for the construction of the foundation benchmarks and stake out plans to be provided by others…" (*id.,* ⁋ 12). RGB argues that plaintiff's expert's affidavit contradicts the contract, as the latter does not provide that RGB should have performed the above listed work.

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**

**Page 7 of 11**

7 of 11

RGB also asserts that plaintiff's expert does not set forth the conditions RGB should have recognized, how or why the condition should have been discovered, or how its failure to do so contributed to the further leaning of the 130 Building. RGB concludes that plaintiff's expert opinions are conclusory and that RGB had no duty under the Building Code, or the contract to perform pre-condition survey. Therefore, it argues that the court should grant its motion for summary judgment.

**DISCUSSION**

On a motion for summary judgment, the movant must "make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 73-74 [2020]) ([internal quotation marks and citation omitted]). The court "must view the evidence in the light most favorable to the non-moving party, including drawing all reasonable inferences in favor of the nonmoving party" (*Vega v Metro. Transp. Auth.*, 212 AD3d 587, 588 [1st Dept 2023]). When deciding a summary judgment motion, a court solely determines if any triable issues exist. It does not determine the merits of any such issues. Every available inference must be drawn in the nonmoving party's favor (*De Lourdes Torres v Jones,* 26 NY3d 742, 763 [2016]).

To prevail on a claim for negligence, there must exist: (1) a duty owed from defendant to the plaintiff, (2) a breach of the duty, and (3) the breach of duty must be the proximate cause of the injury (*Solomon v New York*, 66 NY 2d 1026, 1027 [1985]). A subcontractor is a statutory agent of a general contractor and stands in the shoes of the general contractor. A subcontractor may be liable if it "actually created the dangerous condition or had actual or constructive notice of it" (*Cackett v Gladden Props.,* LLC, 183 AD3d 419, 421 [1st Dept 2020]). Absent evidence that

152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS
Motion No.  004

Page 8 of 11

8 of 11

the party actually created or had actual or constructive notice of the dangerous condition, parties may not be held liable (*DeMaria v RBNB 20 Owner, LLC*, 129 AD 3d 623, 625, [1st Dept]).

Here, the issues are whether a material issue of fact exists as to whether RGB owed a duty to plaintiff in connection with the underpinning and excavation, and whether it breached its duty and contributed to the proximate cause of the incident, requiring it to indemnify Paramount.

This case is factually similar to *Shah v 20 E. 64th St. LLC,* 2017 NY Slip Op 32028[U] [Sup Ct, NY County 2020], affd. 198 AD 3d 23 [1st Dept. 2021]). In *Shah*, the owner of a landmarked home brought an action against 20 East 64 St LLC (20 East) who owned the adjoining property and had hired contractors, including Tri-Star Construction Company (Tri-Star) to compete a renovation project. Tri-Star subcontracted with Urban Foundation/ Engineering (Urban) to perform the excavation. The second cause of action was against Tri-Star under the theory of negligence in connection with the excavation. The defendant, 20 East, asserted a crossclaim against the defendant Tri-Star for, *inter alia*, contractual indemnification and common-law indemnification and contribution. Tri-Star filed a motion for summary judgment arguing it was not negligent in the excavating and conducting geotechnical testing beneath the plaintiff's house, and that it had no control over or involvement in directing the excavation. In opposition, Urban raised that Tri-Star at times did oversee, supervise, manage and controlled Urban's work. The court denied the portion of the summary judgment motion that sought dismissal of the negligence claim, and it also denied the part of the motion that sought dismissal of the crossclaim for indemnification, concluding that there existed an issue of fact which required a finding of negligence before the indemnification claim was decided.

Here, much like in *Shah*, RGB argues that it was not negligent since it did not prepare, control or direct the project. Furthermore, RGB argues that any instructions in the SOE drawings

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**

**Page 9 of 11**

9 of 11

directed to the "contractor" referred to Paramount, the general contractor, not RGB the subcontractor. Generally, however, the subcontractor is the statutory agent of the general contractor, standing in the general contractor's shoes (*Cappabianca v Skanska USA Bldg. Inc*., 99 AD3d 139, 144 [1st Dept 2012]). The presence of evidence that the general contractor or subcontractor created the dangerous condition or had actual or constructive notice of it, will determine its liability, which further raises material issues of fact (*DeMaria v RBNB 20 Owner, LLC*, 129 A.D. 3d 623,625 [1st Dept 2015]). "Whether the work is inherently dangerous is normally a question of fact to be determined by a jury " (*Rosenberg v Equitable Life Assur. Soc'y.*, 79 N.Y.2d 663, 669 [1992]). "If an owner hires an independent contractor to excavate an area… the work obviously presents inherent dangers …" (id., at 669). The question becomes whether RGB had actual or constructive notice of the dangerous condition, the defective soil, and if RGB did have actual or constructive notice, if RGB exercised the appropriate duty of care when it excavated and underpinned. This remains a question of material fact, which cannot be resolved by summary judgment.

"To establish a claim for common-law indemnification, 'the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (*Pena v Intergate Manhattan LLC., *2021 NY Slip Op 03261 [U]* 578 [1st Dept 2021]). Since a negligence finding is required to move forward to indemnification, the issue is not ripe, and RGB is not entitled to summary judgment dismissing Paramount's crossclaims. For the reasons above, therefore, it is

ORDERED that the portion of defendant, RGB's motion for summary judgment dismissing the Plaintiff's complaint is denied; and it is further

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**

**Page 10 of 11**

10 of 11

ORDERED that the portion of defendant, RGB's motion for summary judgment dismissing the crossclaims of Paramount is denied.

This constitutes the decision and order of the Court.

| 3/21/2025 | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | **RICHARD G. LATIN, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152184/2017   132W26 OWNER, LLC vs. PARAMOUNT BUILDERS**
**Motion No.  004**